# WRIGHT v. STATE.

No. A-2523.  Opinion Filed June 17, 1916.

(158 Pac. 290.)

1. **WRIT OF ERROR—Review—Decision of Trial Court.** The affidavits in support of an application for a change of venue and the counter affidavits, together with the examination of the witnesses in support of the application, in open court, presents only a question of fact for the court to pass upon; and, unless it is clear that he has abused his discretion or committed error in his judgment, his finding and judgment will not be disturbed by this court.

2. **TRIAL—Separation of Jurors.** Where a jury was permitted to separate in order that one of its members might attend the funeral of a member of his family, and the defendant made no objection and took no exceptions to this action at the time the separation was allowed, he cannot be heard to complain in this court.

3. **WRIT OF ERROR—Review—Affidavits.** Where a party makes an affidavit charging misconduct on the part of certain jurors, and afterwards upon examination, in open court, repudiates his affidavit, such affidavit will not receive consideration in this court.

4. **LARCENY—Instructions—Request.** It is not error to refuse requested instructions that are upon propositions which are fully covered by the instructions given by the court; and it is not error for the court to give the usual instruction on larceny, where the evidence raises a question of the defendant's guilt.

*Error from District Court, McCurtain County;*
*C. E. Dudley, Judge.*

Ollie Wright was convicted of larceny of a domestic animal, and brings error. Affirmed.

*Spriggs & Spriggs,* of Idabel, and *O. R. Young,* of Oklahoma City, for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

BRETT, J.  This is an appeal from the District Court of McCurtain county sentencing Ollie Wright, the defendant in that court and appellant here, to two years in the penitentiary for the larceny of a cow.

The evidence justifies the verdict, but the appellant insists that the court committed certain errors.

(1) 1.  He complains first because the court overruled his application for a change of venue, and seems to insist that, when he filed the statutory application, the constitution made it mandatory that the court grant the change.  This, however, is not the law.  The constitution provides:

"That the venue may be changed to some other county of the state, ȯn the application of the accused, in such manner as may be prescribed by law."  Const. art. 2, sec. 20.

And section 5810, Revised Laws 1910, prescribes the procedure for a change of venue, and, among other things, provides that, after the necessary steps to obtain a change of venue have been taken by the defendant, the county attorney may file counter affidavits and examine "the witnesses in support of said application in open court in regard to the truth of said application; and if it be made to appear by the affidavits and examination of wit-. nesses that a fair and impartial trial cannot be had in the county, a change shall be granted and the order made by the court."  This contemplates the exercise of a judicial discretion on the part of the trial court, and if upon the examination of the affidavits and counter affidavits, and the examination of the witnesses in support of the application in open court, the court is convinced that a fair and impartial trial cannot be had in the county, then, and under those conditions, it is mandatory that he grant a change of venue, but not otherwise.  He sits in judgment on that question just as any other question of fact that might be submitted to him, and unless it is clear that he has abused his discretion, or committed error in his judgment, his finding and judgment will not be disturbed by this court.  *Gentry* v. *State,* 11th Okla. Cr. 355, .146 Pac. 719; *Sayers* v. *State,* 10th Okla. Cr. 233, 135 Pac. 1073; *Watson* v. *State,* 9th Okla. Cr. 1, 130 Pac. 816; *Edwards* v. *State,* 9th Okla. Cr. 306, 131 Pac. 956, 44 L. R. A. (N. S.) 701.

We have carefully examined the record in this case, and think the counter showing and the examination of the witnesses in

support of the application in open court justified the court in denying the application for a change of venue.

(2) 2. The appellant next complains because the court permitted the jury to separate during the progress of the trial. It appears that a member of one of the juror's family died during this trial, and the court permitted him to attend the funeral, and, after proper admonition, also permitted the other jurors, who desired to do so, to return to their homes until the dead could be buried and the trial resumed. The defendant made no objection to this, and reserved no exceptions whatever to this action of the court, and has not indicated to us in what particular he was prejudiced by this action. If he was unwilling that this should be done, diligence required him to make his objection to the trial court, and, having failed to object there, he cannot be heard to object here.

(3) 3. One Harve Brown, in support of the motion for a new trial, made an affidavit that he heard two of the jurors discuss the case before it was finally submitted to the jury, and that they agreed that if J. E. Martin, a co-defendant who had been tried and convicted, was guilty, Wright was also, and should receive the same penalty that the jury assessed in Martin's case. These jurors positively denied ever having had such a conversation; and the affiant upon an examination in open court repudiated his affidavit, stating that he was hard of hearing and could not be positive as to what was said, or whether these jurors talked about the Ollie Wright case at all or not. Under this state of the record, counsel surely cannot be serious in their contention that this case should be reversed upon the strength of this repudiated affidavit.

(4) 4. The fourth and fifth assignments of error complain of a certain instruction given by the trial court, and the refusal of the court to give certain requested instructions. We need only say all the requested instructions which correctly stated the law applicable to the facts in this case were fully covered by the instructions given by the court; and in the instruction given by the court, which is complained of, the court only told the jury, in

substance, that if they believed from the evidence in the case beyond a reasonable doubt that the defendant did steal, take, and carry away by stealth the cow in question, without the knowledge and consent of the owner, and with the felonious intent to deprive the owner thereof, and to convert the same to the use and benefit of himself, it would be their duty to find the defendant guilty. This is the first time we have known the correctness of this principle of law to be questioned; and counsel have given no reason why this time-honored principle should be changed, or why their client should be made an exception to the rule.

The judgment is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.