**William Hiram KECK, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

No. A–13206.

Court of Criminal Appeals of Oklahoma.

Nov. 21, 1962.

William Hiram Keck, pro se.

Mac Q. Williamson, Atty. Gen., for defendant in error.

NIX, Presiding Judge.

William Hiram Keck was charged by information in the District Court of Texas County, with the crime of Grand Larceny. He was tried before a jury who found defendant guilty, but could not arrive at the punishment and left same to the trial court. Defendant was sentenced to serve two years in the State Penitentiary.

Defendant appealed·to this Court without benefit of counsel and filed his own brief. It is difficult to determine just what defendant relies on for Reversal. The Court has given the brief careful study and we conclude that defendant makes two contentions of error. One that the evidence is not sufficient to support the verdict and further that he was denied a constitutional right by his trial attorney not appealing the case to the Court of Criminal Appeals.

Both contentions appear to be without merit.

It is true the evidence presents a conflict, but that was a question to be determined by the jury. They chose to believe the evidence presented by the State, which, if believed, was sufficient to support the jury's verdict.

The testimony reveals that Jack Lewis, manager of Oklahoma Tire and Supply Company in Guymon noticed a 16 guage shotgun that sold for $89.00, was missing from a display window on the 27th day of October, 1961. He remembered the defendant being in his store that morning and looking at the gun. He was temporarily called away and upon return the defendant was gone.

Joan Hess, an employee of the store, testified she dusted the gun that morning and noticed it was gone later in the morning.

Norma Hill, testified she worked at J. C. Penny Store in Guymon, which is located just north of the OTASCO store; made her regular trip to the bank, about 11:00 or 11:30 on the morning in question and noticed·a man bearing a similar description to defendant carrying a shot gun in front of the Penny's store. She did not attempt to positively identify the defendant as the same person but said he was about the same size, weight, etc.

Curtis Root testified he was driving a car on the day in question at the corner of 5th and Main, which is just south of the Penny Store, and saw a man cross the street with a shotgun parallel to his body. He described him as a man 30 years old, on his own build, a little shorter with brown hair. (Defendant was 30 years old.)

Coral Vachal testified he was at the Hotel where defendant was staying in Guymon. That he knows defendant as a roomer. That he was staying there on October 27, 1961. That defendant displayed to him a shotgun and said he paid $89.00 for said gun. Another man who was sitting close by remarked that looked like his 16 guage shotgun. Mr. Henderson, who owns a grocery store in Hooker, testified that the defendant came to his store on the 28th day of October and said he had a new gun he would like to sell for $60.00. Defendant brought the gun back the following Monday and left it with Mr. Henderson to sell. Mr. Henderson showed the gun to a Mr. Labit. Mr. Labit called back that evening and told Mr. Henderson that a gun had been stolen from OTASCO. Mr. Henderson called OTASCO and checked the serial number, and it was the same gun. The defendant was contacted and taken to the police station. Defendant told the police·that he bought the gun for $60.00 from two men in an alley at Guymon. That the men were strangers to him, that

he had never seen them before. That he was sick on the day in question; stayed in bed and visited the doctor.

■ This set of facts upon which the case was based created a direct conflict between the state and the defense. There is competent testimony adequate to support the jury verdict. The jury chose to believe the state's theory of the case, rather than the defendant's. This Court has held in cases too numerous to elaborate on, as they did in the case of McCluskey v. State, Okl.Cr., 372 P.2d 623:

"Where the evidence is conflicting and different inferences can be drawn therefrom, it is the province of the jury to weigh such evidence and determine the facts."

■ This Court said in the case of Queen v. State, 35 Okl.Cr. 412, 250 P. 935:

"The credibility of the witnesses and the weight and value to be given their testimony is within the exclusive province of the jury to determine, and the jury may believe the evidence of a single witness upon a question of fact or disbelieve several others testifying to the contrary."

■ The Court further said in the case of Stroud v. State, 82 Okl.Cr. 124, 167 P.2d 80:

"Where there is a conflict in the evidence the verdict of the jury will not be set aside if there is substantive evidence to support it. It is only when evidence is insufficient to sustain the judgment and sentence that relief will be given."

Therefore, we can attach little merit to defendants contention as to the insufficiency of evidence.

■ Defendant contends further that he was denied a full and a complete defense because his court appointed attorney failed to appeal his case. With this we cannot agree.

The court appointed lawyer was Frank Ogden, with whom this Court is well acquainted and know him to be a competent and capable lawyer. The record reflects defendant was well represented at trial.

It further shows that he argued the Motion for New Trial, served Notice of Appeal, and settled casemade which was filed in this Court, forma pauperis.

Defendant filed his own brief. The failure of counsel to file a brief no doubt was motivated by the record being void of error. There was nothing to brief that could have been meritorious.

Therefore, the judgment and sentence of the trial court is hereby affirmed.

BRETT and BUSSEY, JJ., concur.