Carl BARNES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13393.

Court of Criminal Appeals of Oklahoma.

Nov. 20, 1963.

E. B. McMahn, Boise City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, P. J., and NIX and JOHNSON, JJ., concur.

BUSSEY, Presiding Judge.

On the morning of October 4, 1962, the defendant, Carl Barnes, went to the Five State Chevrolet Company, in Boise City, Oklahoma, for the ostensible purpose of purchasing a used car. Mr. Clarence Snapp, owner, was not there, but his salesman, Mr. Bruce Oyler, showed several automobiles to the defendant. The defendant selected a 1957, two-toned green Chevrolet 4 door sedan, which was priced at $750.00, and drove it to Hugh French's farm west of Boise City, where Mr. Snapp, owner of the Motor Company, was negotiating a business transaction. Thereafter, Barnes returned to the Motor Company, looked at some other automobiles, but decided upon the 1957 Chevrolet. Terms were discussed and a down payment of $400.00 was agreed upon. Barnes, the defendant, told Mr. Snapp he did not have the money and would have to get it from his mother, who lived in Boyd, Oklahoma, which is a post office 15 miles east of Hardesty, in Beaver County, Oklahoma.

The defendant was told to return around 2:00 P.M. and the car would be ready to make the trip; it was also agreed that Mr. Snapp would equip the automobile with a spare tire. The defendant left the Motor Company, taking the car, without the knowledge of the owner or his employee, proceeded to the Kenneth Stacey Service Station and negotiated for the purchase of a spare tire and gasoline. The gasoline was procured by means of a check drawn on a non-existent bank. Upon as-certaining this fact, Mr. Stacey called Mr. Snapp, and advised him that Barnes had obtained the gasoline by means of said check and was driving Snapp's car. Snapp then went in search of Barnes and being unable to find him or the automobile, returned to his office, notified the Highway Patrol, and proceeded to the courthouse, where he filed a criminal complaint against Barnes for the theft of the automobile. A warrant was duly issued for the arrest of Barnes, and this communication, together with the description of the vehicle was transmitted to the Sheriff of Texas County, Mr. R. L. Shepherd.

Mr. Shepherd testified on trial that:

"We were riding around and an alert came out from Oklahoma Highway Patrol, in Guymon, that there was a car taken by Carl Barnes from Boise City, Oklahoma. At that time we were about ten miles northwest of Guymon on Highway 64. When we met him, we turned around and were in pursuit after him; we were driving from 100 to 105 miles an hour and followed him for about seven miles. He must have been driving between 80 and 90 miles an hour."

Mr. Shepherd took Barnes, the defendant, into custody. Barnes was then transported to the County Jail in Guymon, Oklahoma, but did not discuss, during the trip, the circumstances surrounding the acquisition of the car.

Witness Stacey testified that he did not receive restitution on the check until about two months later.

The defendant Barnes, denied that he took the automobile with the intention of permanently depriving the owner thereof and further testified that when he was apprehended he was enroute to his Mother's home for the purpose of securing the necessary downpayment for purchase of the car.

On the 16th day of May, 1963, Barnes was tried by a Jury for the offense of Larceny of an Automobile; was found

guilty and from the Judgment and Sentence rendered in accordance with the verdict of the Jury, a timely appeal was perfected to this Court. The sole question raised on appeal is whether the evidence adduced by the State on Defendant's trial was sufficient to support the verdict of the Jury.

An excellent brief was presented on behalf of Barnes by Mr. E. B. McMahan and on application of counsel this cause has been advanced on the docket and submitted on the record and brief of the parties.

■ It is well established that:

"Where the evidence is conflicting and different inferences may be drawn therefrom, it is the province of the jury to weigh the evidence and determine the facts." Walker v. State, 91 Okl.Cr. 1, 214 P.2d 961; Keck v. State, Okl. Cr., 376 P.2d 525; McGowan v. State, Okl.Cr., 380 P.2d 274.

■ It is equally well settled that:

"To be guilty of stealing automobile, taking must have been felonious and with intent to permanently deprive owner of property."

"In prosecution for larceny of an automobile, burden was on state to introduce evidence to show facts indicative of defendant's intention to permanently deprive owner of vehicle in question; and, on record presented, jury could find that such burden had been sus-

tained." Phillips v. State, Okl.Cr., 321 P.2d 724.

This cause was properly submitted to the Jury and they were specifically instructed that:

"Ladies and Gentlemen"

"You are instructed that for the State to sustain the charge against the defendant of larceny of an automobile, it is necessary for the State to prove specifically that the automobile was taken by the accused with felonious intent to deprive the owner thereof permanently and to convert the automobile to accused's own use.

"Any taking of personalty with intent to deprive the owner thereof temporarily and then to return the personalty does not constitute larceny, but is a trespass, since the taking must be to deprive the owner permanently of the property to constitute a felonious intent. * * *"

Instruction #5, Page 53, Casemade.

■ We have carefully examined the record in the instant case and are of the opinion that the evidence, although conflicting, submitted a question of fact for the Jury and that the evidence is sufficient to support the finding of the Jury.

Judgment and Sentence appealed from is accordingly affirmed.