Mrs. Fred Lewis McGRIFF, Plaintiff in Error,

v.

OKLAHOMA CITY, a municipal corporation, Defendant in Error.

No. A–14562.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1969.

Rehearing Denied April 9, 1969.

Pat Brogan, Oklahoma City, for plaintiff in error.

Jerry R. Fent, Asst. Municipal Counselor, for defendant in error.

BUSSEY, Judge.

Mrs. Fred Lewis McGriff, hereinafter referred to as defendant, was charged in the Municipal Criminal Court of Oklahoma

City with the offense of Selling Beer to a Minor in violation of the city ordinances of Oklahoma City, and was sentenced to a fine of $100.00 and 90 days imprisonment in the city jail, and appeals.

 It is first contended that the jury was improperly drawn from the residents of Oklahoma County and that since Oklahoma City extends into the counties of Canadian, Cleveland, McClain, and Pottawatomie, the jury panel should have been selected from the residents of Oklahoma City residing in these counties. Title 22 O.S. § 634, provides:

"A challenge to the panel must be taken before a jury is sworn, and must be in writing, specifying plainly and distinctly the facts constituting the ground of challenge."

An examination of the record fails to disclose that the defendant challenge the panel as required by the provisions of 22 O.S. § 634, supra, and therefore this question is not properly before us on appeal. Moreover, we observe that the offense of which the defendant stands convicted was allegedly committed in Oklahoma County in the corporate limits of Oklahoma City. The Constitution of the State of Oklahoma, Article II, Section 20, provides in pertinent part:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed * * *."

We fail to see how the defendant could in any wise have been prejudiced by the selection of a jury in accordance with the provisions of Article II, Section 20, of the Oklahoma Constitution, supra.

 The defendant next contends that the evidence is wholly insufficient to support the verdict of the jury in that the witnesses called by the State gave conflicting statements as to who sold the beer. The pertinent testimony adduced on the trial, and law relating to this issue, is succinctly set forth in the brief of the Assistant Municipal Counselor in the following language:

"A brief review of all the evidence is as follows. The City presented its evidence through four witnesses. The defendant chose not to present any evidence. The City's first witness, Richard Scott Billings, identified Mrs. McGriff as the seller of the beer (CM 157). The City's second witness, Dan Johnson, testified that a lady sold the beer but he could not remember her identity (CM 175). The City's third witness, Daniel Lewis Howell, could not remember who sold the beer although he had previously testified that Mr. McGriff had sold the beer (CM 191). The last witness, Officer B. C. Lovett, testified as to his conversation with Mr. McGriff and where Mr. McGriff told the Officer he sold the beer (CM 198). The jury must have thought the husband was trying to take the responsibility for the sale to protect his wife.

Where there is any competent evidence reasonably tending to sustain the allegations of the information, the trial court should not sustain a demurrer to the evidence. Heartsill v. State, Okl.Cr., 341 P.2d 625; Wiley v. State, Okl.Cr., 349 P.2d 30.

The mere fact that one witness testifies in contradiction with other witnesses does not mean automatic 'reasonable doubt.'

The credibility of witnesses and the weight and value to be given their testimony are within the exclusive province of the jury, and the jury may believe the evidence of a single witness on question and disbelieve several others testifying to the contrary. Keck v. State, Okl.Cr., 376 P.2d 525 (1962).

State cases in which this Court held that the evidence sustained the conviction for sale of beer to minors are State v. Hunt, Okl.Cr., 303 [330] P.2d 756 (1958) and Garbey v. State, Okl.Cr., 397 P.2d 523 (1965)."

For all of the foregoing reasons, the judgment and sentence appealed from is affirmed.

Although we have not dealt extensively with the authorities cited in the excellent brief of the Assistant Municipal Counselor, Mr. Jerry R. Fent, this Court wishes to express its appreciation for his splendid brief, which materially aided the Court in arriving at a decision.

BRETT, P. J., and NIX, J., concur.