Charles Ross **HAYWOOD**, Plaintiff
in Error,

v.

The **STATE** of Oklahoma, Defend-
ant in Error.

No. A–15815.

Court of Criminal Appeals of Oklahoma.

Jan. 12, 1972.

Justus Hefley, Anadarko, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Plaintiff in Error, Charles Ross Haywood, hereinafter referred to as defendant, was convicted, by jury verdict, in the District Court of Caddo County, Case No. CRT 69–1545, of driving a motor vehicle while under the influence of intoxicating liquor, and punishment fixed at 10 days in jail and a fine of $100.00. Judgment and sentence was imposed on December 28, 1969, and this appeal perfected therefrom.

Defendant contends the trial court erred in overruling his motion to quash the array of the jury panel without hearing defendant's offer of evidence in support. The record establishes defendant filed a written motion to the jury panel with the Court Clerk, and offered said motion and proof in support before the jury was sworn. The trial court overruled the motion without hearing defendant's offer of proof. Defendant contended the jury was not properly selected in that the names of the jurors were not folded as required by statute. 22 O.S.1961, § 593.

This Court held in Pope v. State, Okl. Cr., 397 P.2d 513 (1964), and Cline v. State, Okl.Cr., 438 P.2d 304 (1968), that the failure of the trial court to give defense counsel an opportunity to establish his contention that the jury was impaneled without complying with the statutes is reversible error.

In Cline v. State, *supra*, where defendant's motion to quash the jury panel claimed the jurors names were not properly folded, this Court held:

"1. Court officials must strictly comply with the provisions of Title 22 O.S. A. §§ 593, 595, in drawing and selecting jurors, and conduct of court officials should be such that no possible suspicion can attach to them of having acted in manner prejudicial to accused, or in his favor.

\*　　\*　　\*　　\*　　\*　　\*

4. When a challenge to the jury panel is filed with the trial court before jury is sworn to try case, any doubt which exists should be resolved by trial court requiring a showing be made that statutes have not been complied with." 438 P.2d at 304–305.

And the Court further stated in *Cline*:

"[4] Under these circumstances, the trial court should have required defense counsel to make sufficient showing that there was not substantial compliance with the statutes, but such was not done. Instead, the trial court entered its order without any indication being made, whether or not the ballots were folded." 438 P.2d at 306.

The Attorney General has filed a response to the instant case conceding that the trial court erred in overruling the defendant's motion to quash without allowing evidence in support, and joins in defendant's request that the cause be reversed and remanded for new trial.

Accordingly, the judgment and sentence is hereby reversed and remanded.

BUSSEY, P. J., and SIMMS, J., concur.