**James E. WARD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17688.**

Court of Criminal Appeals of Oklahoma.

March 19, 1973.

Shoemake & Briggs, Pawhuska, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

BUSSEY, Judge:

This is an appeal from the District Court of Washita County, Case No. CRF–71–48, wherein James E. Ward, hereinafter referred to as defendant, was charged, tried and convicted for the crime of Larceny of Domestic Animals, and from the judgment and sentence fixing his punishment at five (5) years in the state penitentiary, he appeals.

There are several assignments of error presented in the Petition in Error, only one of which is urged on appeal with citations of authority.

The single contention urged by defendant is that the trial court erred in overruling the Motion to Quash the jury panel. The following appears in the record, at page 1:

"Whereupon, a jury of twelve citizens was duly empaneled, and after voir dire of the jury the following transpired:

'MR. BRIGGS: If the Court please, comes now the Defendant at the close of the voir dire of this jury panel and moves to quash this panel for the reason and upon the grounds that the ballots in the ballot box have not been folded and are not in accordance with the laws of the State of Oklahoma and decisions of the Court of Criminal Appeals, and that this denies to the Defendant a substantial right at this time, and moves to quash it before the jurors are sworn.

THE COURT: Motion be overruled.' "

■ After carefully searching the record, we fail to find where counsel for defendant ever filed a written Motion, as required by law. The applicable law is found in 22 O.S. § 634, which provides:

"A challenge to the panel must be taken before a jury is sworn, and *must be in writing*, specifying plainly and distinctly the facts constituting the ground of challenge." [Emphasis added]

In construing the statute, we stated, in McGriff v. Oklahoma City, Okl.Cr., 452 P.2d 156:

"An examination of the record fails to disclose that the defendant challenged the panel as required by the provisions of 22 O.S. § 634, supra, and therefore this question is not properly before us on appeal . . . ."

See also Lauhoff v. State, Okl.Cr., 508 P. 2d 285.

■ Moreover, we also note that it was not until the completion of voir dire examination and 12 jurors had been selected, did counsel for defendant attempt to raise an oral objection to the method of empaneling the jury. It is apparent that he was aware of the failure to fold the names of the jurors, since the same was done in his presence, but instead "lay behind the Log" speculating on whether, after all challenges had been exercised, the members of the jury selected were pleasing to him. His failure to make timely objection in the manner prescribed by law, constituted a waiver of his right to object to the method of empaneling the jury, and he has preserved nothing for review on appeal.

While the defendant has apparently abandoned the other allegations in his Petition in Error, including the sufficiency of the evidence; suffice it to say that we have carefully examined the record and find that the evidence, although conflicting, amply supports the verdict of the jury and that the record is free of any error which would justify modification or reversal.

The judgment and sentence appealed from is affirmed.

BLISS, P. J., concurs.

BRETT, J., dissents.

BRETT, Judge (dissenting).

The decision in this case treats defendant's objection to the jury selection as falling within the provisions of 22 O.S.1971, § 634, pertaining to the challenge of the *Jury Panel*. Clearly, under the provisions of Section 634, an objection to the jury panel must be made in writing. However, in the instant case, defense counsel stated in part: ". . . comes now the defendant at the close of the voir dire of this *jury panel* and moves to quash this *panel* . . ." (Emphasis added.)

This raises the questions: "Did counsel object to the manner of selection of the trial jury?"; or, "Did counsel object to the manner of selection of the entire jury panel?" Because the word "panel" was used, this decision presumes the challenge was to the panel, and this decision applies the provisions of 22 O.S.1971, § 634. I do not agree.

In McGriff v. Oklahoma City, supra, it was clear that defendant was challenging the entire jury panel, because the jury members were selected from Oklahoma County only. In Lauhoff v. State, supra, it is also reasonably clear that the challenge was made to the entire jury panel, because of the time period the jurors were permitted to serve. But in the instant case this decision indicates that the challenge was to the entire panel, only because the word "panel" was used.

It must be stated in no uncertain terms, an objection to the selection of the "petit jury" or "trial jury," because the ballots were not uniformly folded prior to being placed in the box, is not required to be made in writing; and, when such objection is made, the trial court must hear defendant's offer of proof to support his contention that the trial jury was not properly selected. See: Haywood v. State, Okl.Cr., 492 P.2d 1129 (1972).

22 O.S.1971, § 593 clearly provides:

"At the opening of the court the clerk must prepare separate ballots, containing the names of the persons returned as jurors, which must be folded as nearly alike as possible, and so that the same cannot be seen, and must deposit them in a sufficient box."

22 O.S.1971, § 595, provides:

"Before the name of any juror is drawn, the box must be closed and shaken, so as to intermingle the ballots therein. The clerk must then, without looking at the ballots, draw them from the box."

In Pope v. State, Okl.Cr., 397 P.2d 513 (1964), the trial judge refused to permit the defendant to offer testimony in support of his objection to the trial jury; and, the court also refused to consider the legal authorities offered by defendant in support of his objection. This Court held reversible error was committed.

The decision in Cline v. State, Okl.Cr., 438 P.2d 304 (1968), required strict compliance with the foregoing sections of the statute. However, in the instant case the trial court heard defendant's testimony, offered to support his objection, but refused to find that the statute was not followed and that there was any prejudice toward the defendant. I believe error was committed.

Immediately after defendant's objection was overruled, counsel stated:

"MR. BRIGGS: Your honor, may we offer the Clerk at this time, or in her absence can it be stipulated that *the jurors names of the jurors in the box at this time have not been folded* and were not folded in the jury wheel of the box.

"THE COURT: Well, I don't know. But she can answer it.

"MR. BRIGGS: Well, could she be sworn?

"CLERK: They were not folded, they were put on—in from the wheel.

"MR. BRIGGS: Yes, sir, if your honor please, I think it's apparent from the ballots themselves *that they have not been folded,* and we ask that they be made a part of this record showing that *they have not been folded* and were not folded in the jury wheel, they were not folded when they were taken from the jury wheel, and if that is stipulated to then we don't need to put the clerk on.

"MR. BRAUN: So stipulated." (Emphasis added.)

Notwithstanding the fact that counsel was in error when he stated the names placed in the jury wheel must be folded, he was not in error when he asserted that the juror ballots placed in a box for the purpose of drawing the trial jury must be uniformly folded. See: 38 O.S.1971, § 19, pertaining to the jury wheel.

Therefore, I must respectfully dissent to this decision for the reason that the statutes were not complied with in the selection of the trial jury in this case. It appears reasonably clear to me that defense counsel was objecting to the manner in which the unfolded names were drawn from the box for the trial jury; and consequently, the objection need not be made in writing.