## J. L. DODD *et al.* v. STATE.

No. A-457.    Opinion Filed May 2, 1911.

(115 Pac. 632.)

1. **JUDGES—Disqualification.** A district judge who, prior to his election as such, was county attorney and particip ted in the prosecution of a criminal action as such county attorney, is disqualified to sit in the trial of such case as judge, and to make any order in the case whatever, except that showing his disqualification.

2. **CRIMINAL LAW—Disqualification of Prosecuting Officer.** A county attorney who, prior to his election and qualification as such, was counsel for a defendant in a criminal action then pending, is disqualified to appear and prosecute said defendant on behalf of the state or territory, subsequent to his election and qualification as such.

3. **JUDGES—Special Judge—Extent of Jurisdiction.** The authority of a special judge, lawfully selected by the parties, to preside over any cause or proceedings in which the regularly elected judge is disqualified by reason of the provisions of our statutes,

5 Cr.—33

ceases with the lapsing of the term at which he was selected, unless the case is finally disposed of at such term, and in that case ceases with the final disposition of the cause.

4. **JUDGES—Disqualification.** When a trial judge is disqualified to sit in the trial of a cause, he cannot make a valid order appointing a special county attorney to appear and prosecute on behalf of the state upon the suggestion of the disqualification of the regularly elected and qualified county attorney.

5. **DISTRICT AND PROSECUTING ATTORNEYS—Special Attorneys—Powers.** (a) All acts of a special county attorney appointed under a void order of a trial court are themselves void.

(b) A special county attorney, when properly appointed by a trial court, before attempting to exercise the functions incumbent upon him by the appointment, should qualify as the law requires.

(c) A special county attorney, although lawfully appointed by proper order of the trial court, cannot lawfully perform any of the duties incumbent upon him until he first qualifies as provided by law.

6. **DISTRICT AND PROSECUTING ATTORNEYS—Special County Attorney—Authority—Appointment.** An agreement between a special county attorney, acting under a void appointment of a trial court, and the counsel for the defendant in a criminal action selecting a judge pro tempore to try such criminal action, is itself void, and confers no lawful authority upon such judge pro tempore whatever.

7. **JUDGES—Criminal Law—Judge Pro Tempore—Void Selection—Authority—Change of Venue.** (a) All orders, judgments, and decrees made by a judge pro tempore who is not lawfully selected are a nullity.

(b) An order made for the purpose of changing the venue from one county to another by a judge pro tempore who is not lawfully selected, although made upon a petition by the defendant addressed to him, does not operate to change the venue, and confers no authority upon a judge, duly elected and qualified, to try such cause in the county to which the change of venue is ordered.

(c) All orders, judgments, and decrees made by a trial judge duly elected and qualified and presiding at a regular term of court in a criminal case unlawfully transferred by change of venue to such court, except to return the files to the court where they properly belong, are themselves void.

8. **APPEAL—Review—Appeal on Void Proceeding.** When a conviction is had in a trial court and the record on appeal affirmatively discloses the fact that the trial was had before a court who acquired no jurisdiction by reason of the nullity of prior proceedings had in such action, the judgment and all irregular pro-

ceedings had in such action will be set aside by this court, and defendant. held to appear before the proper trial court to await further action.

(Syllabus by the Court.)

*Appeal from District Court, Texas County; G. A. Brown, Judge.*

J. L. Dodd and Mary Dodd were convicted of manslaughter, and appeal. Reversed and remanded.

*Wiley & Edens* and *J. P. McLaughlin*, for plaintiffs in error. *Chas. West*, Atty. Gen., and *Smith C. Matson*, Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. An indictment was returned by the grand jury of Beaver county, Okla., on the 29th day of March, 1907, charging the plaintiffs in error with manslaughter. On the 27th day of February, 1908, the case came on for trial in Beaver county at the regular term of the district court of said county subsequent to statehood. The regular judge of the district court of Beaver county, Hon. R. H. Loofbourrow, was disqualified to try the cause on account of having been county attorney at the time of the arrest of plaintiffs in error, and having conducted the prosecution of plaintiffs in error prior to statehood.

County Attorney Albert Welborn, of Beaver county, was disqualified to prosecute on account of having been of counsel for plaintiffs in error prior to the admission of Oklahoma into the Union as a state. Judge Loofbourrow on the 26th day of February, 1908, announced his disqualification as judge in this cause on the grounds heretofore stated, and undertook to appoint Charles Swindall, a member of the Beaver county bar. as special county attorney to prosecute this cause. Thereafter, on the 27th day of February, said Charles Swindall, under the appointment heretofore mentioned as special county attorney, and counsel for the plaintiffs in error, Wiley & Edens, R. L. Davis, and J. P. McLaughlin, agreed upon Hon. C. T. Whitaker, a member of the Beaver county bar, as judge *pro tempore* to sit in the trial of the case, and, after being sworn, he proceeded to arraign the plaintiffs

in error, and set the cause for trial. The record fails to show that the special county attorney attempted to qualify as the law provides, but assumed to act as though he had qualified. A motion to set aside the indictment was filed and overruled, and a demurrer to the indictment was filed and taken under advisement until the first day of the next regular term of the district court of Beaver county, and the case continued until said next term by said Whitaker.

On the 24th day of August thereafter, it being one of the regular days of the August term of the Beaver county district court, Hon. C. T. Whitaker, without further action of the parties reselecting him or otherwise, assumed the bench and overruled the demurrer taken under advisement at the previous term of the court, and plaintiffs in error reserved exceptions. On the 1st day of September thereafter Special County Attorney Charles Swindall asked leave of the court to indorse additional witnesses on the indictment, which was granted over the objection of the defendant. On the same date the plaintiffs in error filed their petition for a change of venue, which petition was overruled, and the cause set for trial on the 2d day of September thereafter. A jury was impaneled on this date and the case proceeded to trial. The jury returned a verdict of guilty on the 3d day of September thereafter, and on the same day a motion for a new trial was filed, which motion was by the court sustained on the 4th day of September. On the same date plaintiffs in error filed a petition for change of venue, which was overruled, and on the 5th day of September thereafter plaintiffs in error were allowed to make additional showing on the petition for change of venue, and upon additional showing the order overruling the petition for change of venue was set aside, and the petition allowed, and the venue changed from the district court of Beaver county to the district court of Texas county, all of which proceedings were had before Hon. Chas. T. Whitaker, who had been selected as judge *pro tempore* at the February, 1908, term of the district court of Beaver county in the manner set out *supra*. On the 28th day of September, 1908, the record recites that "the district court of

Texas county, Oklahoma, * * * being in session in said Texas county, Oklahoma, * * * the said Chas. T. Whitaker assuming power to sit as special judge in said cause makes the following order: Such order was that the case of the State of Oklahoma v. J. L. Dodd and Mary Dodd be continued until the next regular term of the district court of Texas county and that they stand on the bond already given.".

On the 11th day of February, 1909, plaintiffs in error filed the following motion in the district court of Texas county, where Judge G. A. Brown, having been assigned, by order of the Chief Justice of the Supreme Court of Oklahoma, to hold the February term of the Texas county district court, was presiding:

"Comes now the defendants, by their attorneys, Wiley & Edens and J. P. McLaughlin, and object to the jurisdiction of this court for the reason that the said cause has never been legally transferred or sent on change of venue from Beaver county, Oklahoma, to Texas county, Oklahoma, by any judge qualified to transfer said cause. The defendants further object to any action being taken by this court in said cause for the reason that this court is without jurisdiction in said cause. The defendants further object to G. A. Brown sitting and acting as judge in this case for the reason that, if the said case was properly transferred to this county and Charles T. Whitaker was ever qualified to act as special judge in said cause after the term in which he was selected, then he would be special judge at this present term to try this cause, and said G. A. Brown would have no right to assume jurisdiction to try said cause. We therefore move that said defendants be discharged, and that the cause be dismissed for want of jurisdiction. Wiley & Edens and J. P. McLaughlin."
—which motion was overruled.

This record as shown by the above statement raises two questions for our consideration. The petition in error makes many other assignments, but it is unnecessary to consume time and space in discussing them.

The first question raised is, Did the district judge, Hon. R. H. Loofbourrow, have the power to appoint a special prosecuting attorney; and, if so, were the acts of said special prosecuting attorney without his qualifying as required by law valid? Second.

When does the authority of a judge *pro tempore* as such cease? If Judge Loofbourrow could not make the appointment by reason of his disqualification, then any agreement made by the special county attorney so appointed, whether he took the oath as required by law or not, looking to the selection of a judge *pro tempore* to try this cause would be a nullity. Under the law in force at the time this appointment was made, a district judge when disqualified to sit in the trial of a cause could make one order only, and that order was the order certifying his disqualification. This question has been passed upon by the Supreme Court of Oklahoma Territory, the Supreme Court of this state, and by this court. *Cullins et al. v. Overton, Sheriff, et al.,* 7 Okla. 470, 54 Pac. 702; *Lewis v. Russell, Judge,* 4 Okla. Cr. 129, 111 Pac. 818; *Cowart v. State,* 4 Okla. Cr. 122, 111 Pac. 672; *Buchanan v. State,* 2 Okla. Cr. 126, 101 Pac. 295. Under the rule announced by these courts, and nowhere varied from, the trial judge, Hon. R. H. Loofbourrow, had no authority to make the appointment, and the order entered for that purpose by him was null, and the appointment therefore void. It follows as a natural consequence that all the acts of the special county attorney were likewise void. This being true, it necessarily follows that the selection of Hon. C. T. Whitaker as judge *pro tempore* was not lawfully made, and conferred upon him no authority to sit as a judge and try this case and all orders or judgments made by him were a nullity.

These questions were not raised before Judge Brown when the case was called for trial in the district court of Texas county. The only question there raised was the question of the right of the judge *pro tempore* to pass upon petition for a change of venue, and order the venue changed after the lapsing of the term at which the judge *pro tempore* was selected to preside over the hearing of this cause. The question of when the authority of a judge *pro tempore* ceases has not been before this court in the light it is now presented heretofore. The question as it is now presented is: Does the authority of a judge *pro tempore* cease with the lapsing of the term of the court during which he is selected to preside over the trial of a case, or does it continue until the case is finally

tried and disposed of? The Supreme Court of Wisconsin in the case of *Fordyce v. State,* and *State v. Fordyce,* reported in 115 Wis. 608, 92 N. W. 430, in discussing this identical question as to when the authority of a judge *pro tempore* ceases, held that this authority ceases with the lapsing of the term of the court at which he is called to preside over the trial of a certain cause. The statute in that state provides that the trial judge, when he is disqualified to preside over the trial of any cause, may call another judge to preside over the trial. Our statute provides that the parties may agree on a special judge to preside in his stead. The principle is the same. The rule announced in the Wisconsin case cited, *supra,* is that contemplated by our law. The authority of a special judge selected by the parties to preside instead of the regularly elected judge, who is disqualified by reason of any of the provisions of our statutes, ceases with the lapsing of the term during which he is selected, unless the case is finally disposed of at such term, and in that case ceases with the final disposition of the cause.

The proceedings had in this cause from and including the appointment of the special county attorney by Judge Loofbourrow to and including the judgment rendered against the plaintiffs in error from which this appeal is prosecuted are a nullity. This cause is still pending in the district court of Beaver county.

All proceedings had herein subsequent to the appointment of the special county attorney and including that appointment are hereby set aside, and plaintiffs in error are directed to appear before the district court of Beaver county at the next regular term thereof. The clerk of this court is directed to forward the mandate in this case to the clerk of the district court of Texas county to be by him recorded in the proper records of said court, and forwarded to the district court of Beaver county to be likewise recorded. The clerk of the district court of Texas county is also directed to forthwith return the files originally forwarded on the change of venue from Beaver county to the district court of said Beaver county.

FURMAN, Presiding Judge, and DOYLE, Judge, concur.