### BERT GRANT v. STATE.

No. A-1893.   Opinion Filed March 16, 1915.

(146 Pac. 919.)

1. **JURY—Challenge to Panel—Grounds.** Rev. Laws 1910, secs. 5827, 5829, provide that the clerk of the court "must prepare separate ballots, containing the names of the persons returned as jurors, which must be folded as nearly alike as possible, and so that the same cannot be seen, and must deposit them in a sufficient box," and "before the name of any juror is drawn, the box must be closed and shaken, so as to intermingle the ballots therein. The clerk must then, without looking at the ballots, draw them from the box." **Held,** that it is the duty of the court to require the clerk to proceed according to the statutory provisions, and where the ballots drawn from the jury box were not folded so as to conceal the names therein written, a challenge to the panel should have been sustained.

2. **SAME—Competency of Juror—Voir Dire Examination.** A juror, on his voir dire examination, stated, "I would think he was guilty, or he would not be charged," and "I think he wouldn't be charged if he was not guilty." The Court: "I wish you would explain yourself a little further, if you can, as to that statement that you think a man must be guilty if charged." A. "It seems somebody believes that he is guilty, or he would not be charged." **Held,** that the juror was incompetent, and the challenge for cause should have been sustained.

(Syllabus by the Court.)

*Appeal from County Court, Pottawatomie County;*
*Ross F. Lockridge, Judge.*

Bert Grant was convicted of violating the prohibition law, and appeals. Reversed.

*Pitman & Goode,* for plaintiff in error.

*Chas West,* Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error was convicted on an information which charged that he did have in his possession whisky and beer with the intention to unlawfully barter, sell, give away, and otherwish furnish the same, and on the 25th day of November, in accordance with the verdict of the jury, he was sentenced to be confined in the county jail for 90 days and to pay a fine of $250. To reverse the judgment, an appeal was perfected.

The only evidence introduced in the case was that of the sheriff and deputy sheriff. They both testified that they saw the defendant as he came out of a little back room of the express office in the Reeble Hotel Annex; that he proceeded west up the alley, carrying a grip, and they arrested him, and upon an examination found that the grip contained some beer and whisky; that they went to the room that the defendant had come out of, and there found a part of a barrel of beer, and a part of a case of whisky. No attempt by the state was made to prove the payment of the special tax required of liquor dealers by the United States, the payment of which, under the prohibitory law, constitutes *prima facie* evidence of an intention to violate the provisions of the act. Neither did the state prove, or attempt to prove, any previous sales made by the defendant.

The errors assigned are, in effect, that the verdict was contrary to law and the evidence, that the court erred in denying the challenge to the panel, that the court erred in denying challenges for cause to jurors, misconduct of the prosecuting attorney in his argument to the jury, and error in overruling motion for new trial.

After a careful examination of the record, our conclusion is that the defendant has not been convicted in accordance with the rules of law provided to secure fair trials by impartial and

competent jurors. The names of six jurors were drawn from the box, and they were called to try the case. Whereupon the defendant interposed the following challenge:

"Comes now the defendant and challenges the integrity of the drawing of this jury, and the panel of jurors now in attendance in this court, and prays the court to examine the box from whence the names of said jurors were drawn and the ballots on which their names appear, and to inquire into the manner of said drawing."

Thereupon the court called for the box containing the ballots, but refused the request of the defendant to state in the record the facts relating to the ballots, but found six ballots therein fastened together with a clip. The court excused the jurors first drawn. Thereupon the clerk returned the ballots containing their names to the box, released the six ballots that were fastened, and proceeded to draw six ballots from the jury box, and drew the six identical jurors who had just been excused. The challenge was denied. The defendant challenged two jurors for cause, which challenges were denied, and challenged three other jurors peremptorily, thus exhausting his peremptory challenges. In support of the challenge, and the denial of the same as one of the grounds for a new trial, the defendant's attorney, Mark Goode, Esq., was duly sworn and testified as follows:

"That after examining the jury box from which the names in this cause were drawn, and the inspection thereof by the court, six names in the jury box held together with a clip, comprising the jury in the preceding case tried, were released, and the box shaken sideways; that the clerk then raised the lid to the cigar box, and this witness sat on the desk and watched the drawing thereof, and that each and every name on every slip showed face upwards; that the witness watched this drawing because of the preceding transaction, and knows that all names were face upwards; that he sat farther away from the box than the clerk did, and could read each name before it was withdrawn from the box."

Our Procedure Criminal provides (section 5827, Rev. Laws 1910):

"At the opening of the court the clerk must prepare separate ballots, containing the names of the persons returned as jurors, which must be folded as nearly alike as possible, and so that the same cannot be seen, and must deposit them in a sufficient box."

Section 5829, Rev. Laws 1910:

"Before the name of any juror is drawn, the box must be closed and shaken, so as to intermingle the ballots therein. The clerk must then, without looking at the ballots, draw them from the box."

It is evident that the clerk of the court failed to follow the procedure prescribed by the statute. It is of the utmost importance that court officials should be held to the strict observance of the provisions of law prescribing their procedure and duties, and their conduct should be such that no possible suspicion can attach to them of having acted in a manner prejudicial to the accused, or in his favor. Courts cannot be too strict in compelling a rigid and vigilant observance of the provisions of the statutes designed to preserve inviolate the right of trial by jury and the purity of jury trials.

J. T. McGuire, one of the jurors, on his *voir dire* testified as follows:

"Q. Are you conscious of any bias or prejudice that would cause you to think a man guilty simply because he was charged with this or any other offense of the law? A. I would think he was guilty, or he would not be charged.

"The Court: Mr. McGuire, you would not consider the information that the state has read to the jury as any evidence in the case? A. No, sir. Q. And the mere fact that he was charged would not cause you to return a verdict against him? A. Oh, no. Q. What do you mean of thinking a man must be guilty or he would not be charged? A. I think he wouldn't be charged if he was not guilty. Q. How do you mean that? A. Now, I can take any case and try it according to the law and the evidence. Q. I wish you would explain yourself a little further, if you can, as to that statement that you think a man must be guilty if charged. A. It seems somebody believes that he is guilty or he would not be charged."

To hold that this juror was impartial would reverse the humane and salutary rule of our law which presumes the innocence of the accused and requires proof of guilt before conviction. We think that the juror McGuire was disqualified.

We deem it unnecessary to discuss the other assignments.

For the reasons stated, the judgment herein is reversed, and the cause remanded to the trial court.

FURMAN and ARMSTRONG, JJ., concur.