# WILLIAM JOHNSON v. STATE.

No. A-8592.   Sept. 8, 1933.
(24 Pac. [2d] 1018.)

Twine & Twine, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of murder and his punishment fixed at death, and appeals.

The evidence on behalf of the state shows that on the evening of December 27, 1932, Mary Wolfenberger, a woman of mature years, closed her store in the city of Muskogee about 6 o'clock or shortly thereafter, and walked west on Broadway to Ninth street, with a lady by the name of Virginia Samuels; Miss Wolfenberger went west on the north side of Broadway; Miss Joanna Locke, who was acquainted with Miss Wolfenberger, passed her between Thirteenth and Fourteenth streets shortly after dark.

The state's evidence further disclosed that Miss Wolfenberger lived at 2616 West Okmulgee avenue, and that she frequently walked from her place of business to her home. The testimony further discloses that there is situated between Fifteenth and Sixteenth streets, on the north side of Broadway, what is known as the West High School; back of the school building, which is on the northwest corner of Fifteenth and Broadway, is the administration building, which opens on Broadway; there is a path from the sidewalk off north Broadway between the school building and the administration building.

It is further shown that on the morning of the 28th of December, 1932, the body of Miss Wolfenberger was found by J. W. Booth up the pathway running north from Broadway; Miss Wolfenberger had been assaulted and beaten with a hammer. The assault took place close to the gymnasium entrance, on the sidewalk, and her remains had been dragged up the pathway some distance where the body was found by Mr. Booth. The body was lying with the head to the east, an arm was pulled out of the coat sleeve, and a portion of the coat pulled up over the face of deceased; the lower part of her clothing was disarranged, her dress was left pulled up between her knees and hips. There were several wounds about the face and

on the front part of the head of the deceased; spots of blood were found on the sidewalk close to the gymnasium entrance; the purse and one glove of the deceased were picked up near the entrance to the pathway between the two buildings.

The ground along the pathway showed deceased had been dragged from the sidewalk, and north to where the body was found; the shoes of the deceased were found lying some few feet apart. The condition of the body and clothing indicated that she had been criminally assaulted after having been dragged from the sidewalk.

The record further shows that, some time after the body of the deceased was found, the officers began to make an investigation and arrested the defendant William Johnson. The officers then made a search of the home where defendant lived, and under the stairway in the house found a great deal of property that had been stolen, and with this property found the following letter:

"Muskogee, Oklahoma. 1-27-'33.

"Dear Cousin: This leaves all well hope to find you well and doing good. We had a letter from Grandpa and he is sick in bed so you know about how Ma is the reason I am writing you. If you will send me a $1.50 I will send you a lot of good things. If I thought I could get a job I would come and stay a while. Tell V. K. if he could get me a job I will come and stay with you all because things is getting hot up here since a white woman got killed so you know about how we feel. Of course they aint found nobody that knows anything about it yet so if you can do that and I will try and see you all sometime soon. Yours as ever

"Son Johnson, 208 Kinsley Street,
"Muskogee, Okla."

58

The record further discloses that after the defendant was arrested he made a confession, which was freely and voluntarily given without any promise or hope of reward, and that every precaution was taken to see that no un-fair advantage was taken of the defendant. The defendant made a verbal confession, which was reduced to writing in the form of questions and answers, in the presence of John Wolsey, Ben Bolton, and the county attorney. In the confession the defendant says he met the deceased about where the south door of the gymnasium comes to the street; that he beat her up with a hammer and dragged her around back of the building; that he laid her down on her back with her head toward the street and ravished her; that he could not say exactly what time it was, but it was just after dark; had the hammer to cut a lock, or something; "could not say exactly where I hit her but it was on the head."

The evidence on behalf of the state, including the confession of the defendant, which it is not deemed necessary to set out in full, clearly shows that the defendant is guilty of the crime charged against him.

Several errors have been assigned by the defendant as grounds for reversing this case. The first error assigned is that the court erred in overruling the motion of the defendant for a change of venue. The granting of a change of venue is made discretionary with the court, and the appellate court will not reverse the ruling of the trial court denying the application for a change of venue unless it is made to clearly appear that there has been such an abuse of discretion as to amount to practically a denial of justice. Johnson v. State, 20 Okla. Cr. 196, 201 Pac. 1006; Goss v. State, 24 Okla. Cr. 383, 218 Pac. 339; Wright v. State, 12 Okla. Cr. 443, 158 Pac. 290, 291; Maddox v.

State, 12 Okla. Cr. 462, 158 Pac. 883; Leard v. State, 30 Okla. Cr. 191, 235 Pac. 243.

The court did not err in denying the defendant a change of venue.

It is next urged by the defendant that his motion for a continuance should have been granted on the ground of the illness of W. H. Twine, one of the attorneys who had been appointed to assist in his defense. In Hunt v. State, 38 Okla. Cr. 294, 260 Pac. 512, in the third paragraph of the syllabus, this court said:

"An application for continuance on account of the absence of leading counsel is properly denied where a defendant is duly represented by his other counsel."

In this case the record shows that the defendant was not only fully represented, but was ably represented by the counsel who defended him; that the counsel protected his interest during the entire progress of the trial, and the court did not err in overruling defendant's motion for a continuance. Anderson v. State, 21 Okla. Cr. 193, 207 Pac. 977; Coffey v. State, 38 Okla. Cr. 94, 258 Pac. 923.

The testimony in this case shows conclusively that the confession of the defendant was freely and voluntarily made, and this court has repeatedly held that, where it is proven that the confession of the defendant is freely and voluntarily made, it is competent evidence against him. Shires v. State, 2 Okla. Cr. 89, 99 Pac. 1100; Holmes v. State, 6 Okla. Cr. 541, 119 Pac. 430, 120 Pac. 300; Tarkington v. State, 41 Okla. Cr. 423, 273 Pac. 1015.

The court did not commit reversible error in admitting the confession of the defendant. The record in this case shows a cold-blooded brutal murder was committed. The defendant was accorded a fair and impartial trial.

60

No fundamental or prejudicial errors appearing in the record sufficient to warrant a reversal, the judgment is affirmed.

The original date for the execution having passed, owing to the pending of the appeal, it is considered, ordered, and adjudged by this court that the judgment and sentence of the district court of Muskogee county be carried out by the electrocution of the defendant on Friday, November 10, 1933.

EDWARDS, P. J., and CHAPPELL, J., concur.