### D. McELROY v. STATE.

No. A-10124. Jan. 27, 1943.

(133 P. 2d 900.)

J. Randall Connell, of Idabel, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Ed Shipp, County Atty. of McCurtain County, of Idabel, for defendant in error.

BAREFOOT, J. Defendant, D. McElroy, was charged in the county court of McCurtain county with the crime of unlawful possession of intoxicating liquor, to wit, 16 pints of whisky and two quarts of wine; was tried, convicted and sentenced to pay a fine of $50, and to serve 90 days in the county jail, and has appealed.

The facts in this case are that two deputy sheriffs and the assistant county attorney of McCurtain county, on the 31st day of December, 1940, went to a point on the public highway northwest of Idabel in said county; that the defendant was the owner of a "house trailer," the same being located, as the officers testified, upon the public highway. It appears that the defendant was living in this trailer. The three officers secreted themselves in close proximity to where the trailer was located, and waited for defendant to make his appearance.

They observed a Chevrolet automobile drive up near the trailer and the defendant appeared and delivered a bottle of whisky to the party who was driving the car, who was not identified in the record.

The officers remained in the place where they had hidden themselves, which was only a few steps from the defendant. They saw him go to a near-by culvert and get several bottles of whisky, and also saw him pick up in his arms other bottles of whisky.

Each of the officers identified the whisky, and testified positively that they saw it and saw defendant carrying it in his arms toward the trailer. One of the officers followed him into the trailer and immediately placed him under arrest, as he sat the bottles of whisky on the floor. They then searched the premises, and a total of 16 pints of whisky and two quarts of wine were found. Some of this was at various points on the outside of the trailer.

Some was in a temporary ice chest on the outside of the trailer, and some hidden in the woodpile. The two quarts of wine were on the outside near the woodpile.

Defendant was placed in the county jail, and these charges are the outgrowth of the above facts.

The officers did not have a search warrant at the time, and it is for this reason defendant contends that the court erred in refusing to sustain his motion to suppress the evidence; and that the search was illegal, void and contrary to his constitutional and statutory rights.

It is contended by the state that the defendant committed a misdemeanor in the presence of the officers; that under the law they had the right to arrest him without the necessity of a search warrant, and having arrested him lawfully, they had the right to search his person, and the property in his immediate presence.

From the above statement of facts, we are clearly of the opinion that a misdemeanor was committed by defendant in the presence of the officers, and they had the right to arrest defendant and search him and the property in his immediate presence. Nott v. State, 73 Okla. Cr. 139, 118 P. 2d 667; Franklin v. State, 71 Okla. Cr. 115, 109 P. 2d 239; Barfield v. State, 68 Okla. Cr. 455, 99 P. 2d 544; Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549; Wilmoth v. State, 75 Okla. Cr. 369, 131 P. 2d 774.

The mere fact that he walked into the trailer while transporting the whisky in his arms would be no reason why the officer should not follow him and arrest him therein for the crime committed in his presence.

Defendant complains that the officers concealed themselves. We know of no law which would deprive an officer of the right to conceal himself prior to making an arrest.

It is also contended that the law with reference to the officers being informants or spies should have been upheld in this case. We see no reason why this law should be applied, under the facts above stated.

The trailer was located on the public highway, and the defendant was on the public highway at the time he was in possession of the whisky, and was conveying the same. While we have often stated, and now reiterate, it is the best practice for officers to procure search warrants when knowing what property they intend to search, yet when one commits a misdemeanor in the presence of officers, and they lawfully arrest without the same being a subterfuge, they have the right to search without the necessity of procuring a search warrant. Certainly there is no justification in believing that a subterfuge was practiced by the officers in the case at bar.

The record reveals that the defendant was arrested on the 31st day of December, 1940. At this time the Honorable M. F. Hudson was county attorney of McCurtain county. His name as county attorney, by Ed Shipp, assistant, was signed to the information filed in this case on January 2, 1941. It appears that before the case was called for trial Mr. Hudson had been appointed county judge of McCurtain county. It also appears from the record that a motion to suppress the evidence was filed in this case on March 28, 1941, and on this same date, when defendant was arraigned, an order was entered by M. F. Hudson, county judge, overruling the motion to suppress the evidence. There is nothing in the record to show that any evidence was taken, or heard at the time this motion was overruled. On April 16, 1941, Judge Hudson entered an order certifying his disqualification in the case, and the Honorable Tom Finney, of the McCurtain county bar, was in open court selected by agree-

ment of all parties to hear and try the case. Both parties announced ready for trial on April 16, 1941, and Special Judge Finney heard the case.

No question was at any time presented by defendant with reference to the action of Judge Hudson in overruling the motion to suppress the evidence, either during the trial, on the motion for new trial, or in the petition in error. It is only in the brief of plaintiff in error that this matter is referred to, and the case of Dodd v. State, 5 Okla. Cr. 513, 115 P. 632, is cited. We do not think the facts in that case are similar to the facts in the instant case.

We are of the opinion that the defendant, under the facts as above stated, waived any right he had as to the entering of the order by Judge Hudson. He having been county attorney at the time this case was filed, he was, in our opinion, disqualified to hear the case, and did not have the right to make any order therein; and if the defendant had been prejudiced in any way by his action or order, we would not hesitate to reverse the case. The same motion was presented during the trial, and at the close thereof, to Special Judge Finney and was overruled. We think the facts justified this action.

Defendant also complains that the court refused permission to propound certain questions to prospective jurors. These questions were with reference to questions of law regarding the having or issuance of a search warrant, and were clearly questions for the consideration of the court, and not for the jury. The court was clearly right in sustaining objections to these questions.

We find no error in the trial of this case. Defendant had a fair and impartial trial.

We note from the record that defendant did not have sufficient funds to pay for a case-made for an appeal in

16

this case, and that the same was prepared at the expense of the county. While it is not often that a verdict of the jury will be modified in a case of this character, we believe the ends of justice will be met by modifying this judgment from a fine of $50 and 90 days in jail to a fine of $50 and 60 days in jail.

The judgment and sentence of the county court of McCurtain county is therefore modified and affirmed, as above stated.

JONES, P. J., and DOYLE, J., concur.