Dennis L. POPE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13544.

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1964.

**514.**

Jack B. Sellers, Thomas A. Wallace, Sapulpa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., J. Russell Swanson, Garfield County Atty., for defendant in error.

NIX, Judge.

Plaintiff in Error, Dennis L. Pope, hereinafter referred to as defendant, was charged in the County Court of Garfield County with Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. He was tried by a jury, found guilty, and his punishment assessed at a $500.00 fine, and One Year (1) in the county jail. He has perfected his appeal to this Court within the time prescribed by law, asserting numerous assignments of error. The first being that the trial court erred in overruling the Motion of defendant to quash the array of the jury panel. On page 67 of the casemade, the following transpired:

"MR. SELLERS: Comes now the defendant and moves the court quash the array of the entire jury panel for the reason that the Clerk has drawn names of the jury from an open box and the names are not folded and this is contrary to the statutes and prejudicial to the rights of the defendant.

"THE COURT: Overruled.

"MR. SELLERS: We offer at this time in evidence the testimony of Mr. Wallace, who observed the drawing, and ask the court to excuse the jury while we examine the Clerk as to the drawing.

"THE COURT: Overruled.

"MR. SELLERS: We challenge the array and request the court to quash the entire panel.

"THE COURT: The motion is denied, the challenge is denied, and the request is denied and exception is granted * * * get on with the case.

"MR. SUMMERS: We have legal authority here.

"THE COURT: I don't care to hear it. Allright, Mr. County Attorney."

Our Oklahoma Statutes read very clearly as to the mandatory requirements on drawing and selecting a jury. Title 22, Okl.St. Ann. § 593, reads:

"At the opening of the court the clerk must prepare separate ballots, containing the names of the persons returned as jurors, *which must be folded* as nearly alike as possible, and so that the same cannot be seen, and must deposit them in a sufficient box. R.L.1910, § 5827." (Emphasis ours.)

And, further, in § 595:

"Before the name of any juror is drawn, the box must be closed and shaken, so as to intermingle the ballots therein. The clerk must then, without looking at the ballots, draw them from the box. R.L.1910, § 5829."

In the instant case, defendant offered, in his Motion, to present testimony to support his contention. However, the trial court summarily overruled his motion, and would not allow any evidence to be heard, pro or con.

■ This does constitute error sufficient to justify reversal. We cannot condone the trial court's action in refusing defendant's offer of proof. The selection of a fair and impartial jury is a fundamental right of the defendant.

■■ We will re-state the rule as laid down by this Court in the early case of Grant v. State, 11 Okl.Cr. 396, 146 P. 919, (1915) as follows:

"It is of the utmost importance that court officials should be held to the strict observance of the provisions of law prescribing their procedure and

duties, and their conduct should be such that no possible suspicion can attach to them of having acted in a manner prejudicial to the accused, or in his favor. Courts cannot be too strict in compelling a rigid and vigilant observance of the provisions of the statutes designed to preserve inviolate the right of trial by jury and the purity of jury trials."

Our conclusion is that the defendant has not been convicted in accordance with the rules of law provided to secure fair trials by impartial and competent jurors, and in view of the statutes cited, and the ruling in the Grant case, supra, it is hereby the opinion of this Court that this case be reversed and remanded for a new trial.

JOHNSON, P. J., and BUSSEY, J., concur.