**J. W. CLINE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–14141.**

Court of Criminal Appeals of Oklahoma.

Feb. 28, 1968.

Joe K. Page, Poteau, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

J. W. Cline was charged in the district court of LeFlore County with the crime of murder; was tried, found guilty of manslaughter in the first degree, and his punishment fixed by the jury at not less than four years in the state penitentiary. Appeal has been perfected to this Court.

The information charges this defendant with having murdered one Tex Pryor on November 26, 1965 by shooting him. Defendant did not deny having shot the deceased, but he contended he did so in self-defense.

Briefs have been filed, and the case was orally argued before this Court. In his brief and on oral argument before the Court the defendant urged four assignments of error, as follows:

"1. The evidence in this case is not sufficient to sustain a conviction of manslaughter in the first degree.

"2. The court erred in failing to give defendant's requested instruction on exculpatory statements.

"3. The court erred in overruling defendant's challenge to the entire panel of jurors.

"4. The court erred in overruling defendant's affidavit and motion for continuance."

We find a number of errors in this record, but inasmuch as we must uphold defendant's third proposition, we deem it unnecessary to discuss the other assignments.

Defendant's challenge to the jury panel is as follows:

"Comes the defendant and interposes a challenge to the entire panel or array of jurors herein, and objects to being tried before a jury selected from such panel, for the reason that there is a material departure from the law, in that at the opening of court the clerk did not prepare separate ballots containing the names of persons returned as jurors, that such ballots were not folded as nearly alike as possible so that the name cannot be seen, but on the contrary said Clerk did not fold such ballots and the names of jurors can be plainly seen."

Title 22 O.S.A. § 593, provides:

"At the opening of the court the clerk *must* prepare separate ballots, containing the names of the persons returned as jurors, which *must be folded as nearly alike as possible*, and so that the same cannot be seen, and *must* deposit them in a sufficient box." [Emphasis added]

And Title 22 O.S.A. § 595 provides further:

"Before the name of any juror is drawn, the box must be closed and shaken, so as to intermingle the ballots therein. The Clerk must then, without looking at the ballots, draw them from the box."

The record contains the following statement, made out of the hearing of the jury,

which reflects the court's findings with reference to the defendant's challenge:

"The Court: Let the record show that after the completion of the voir dire examination by the state and the defendant and after the jury had been selected to try the case and before said jurors were sworn to try said case, the defense counsel presented to the Court a challenge to the entire panel of jurors, which challenge to the entire panel of jurors was overruled by the court and the defendant allowed an exception.

"Let the record further show that the names of the jurors are written on separate ballots and that the box containing said names has a hole in the top just large enough so the clerk can place his hand therein to draw the names of jurors from said box."

The defendant relies on Pope v. State (1964) Okl.Cr., 397 P.2d 513, to support his contention. Therein this Court said:

"We will re-state the rule as laid down by this Court in the early case of Grant v. State, 11 Okl.Cr. 396, 146 P. 919 (1915), as follows:

" 'It is of the utmost importance that court officials should be held to the strict observance of the provisions of law prescribing their procedure and duties, and their conduct should be such that no possible suspicion can attach to them of having acted in a manner prejudicial to the accused, or in his favor. Courts cannot be too strict in compelling a rigid and vigilant observance of the provisions of the statutes designed to preserve inviolate the right of trial by jury and the purity of jury trials.'

"Our conclusion is that the defendant has not been convicted in accordance with the rules of law provided to secure fair trials by impartial and competent jurors, and in view of the statutes cited, and the ruling in the Grant case, supra, it is hereby the opinion of this Court that this case be reversed and remanded for a new trial."

In the Pope case, the defendant contended that the clerk had drawn the names of the jury from an open box, and that the names were not folded, which he contended was contrary to the statutes and prejudiced the rights of the defendant. His motion was overruled. Defendant then made an offer to present testimony as to the manner in which the names were drawn, and asked the court to excuse the jury and permit an examination of the court clerk. This was also overruled, the court stating: "The motion is denied, the challenge is denied, and the request is denied and exception is granted. Get on with the case." [Attorney for defendant]: "We have legal authority here. The Court: I don't care to hear it. All right, Mr. County Attorney."

In the case at bar it is not denied that the ballots were not folded as required by the statutes, and no evidence was admitted to prove that a substantial compliance with the statute was made.

Under these circumstances, the trial court should have required defense counsel to make sufficient showing that there was not substantial compliance with the statutes, but such was not done. Instead, the trial court entered its order without any indication being made, whether or not the ballots were folded.

Under the holding of the Pope case, supra, we are of the opinion that this case must be, and the same is hereby reversed, and remanded for a new trial.

BUSSEY, J., concurs.