Mario SAM, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17521.

Court of Criminal Appeals of Oklahoma.

May 29, 1973.

Rehearing Denied June 18, 1973.

Jones, Atkinson, Williams, Bane & Klingenberg, Enid, for appellant.

Larry Derryberry, Atty. Gen., Yvonne Sparger, Asst. Atty. Gen., John C. Williams and Charles F. Alden, III, Legal Interns, for appellee.

BUSSEY, Judge:

Mario Sam, Appellant, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Pittsburg County, Case No. F–71–254, for the crime of Sale of Marihuana, After Former Conviction of a Felony. He was sentenced to serve a term of thirty-five (35) years in the state penitentiary, in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

Briefly stated, the facts are that on September 17, 1971, Haskel Dixon and Richard Reeve were working as undercover agents for the Pittsburg County Sheriff's Department. At approximately 8:45 p. m., the two agents were in a parking lot next to a recreation center in McAlester, with approximately five other people. The defendant pulled out of his pocket a clear plastic bag with ten or twelve square, tinfoil packettes inside and commented: "Yes, it was good hash."

Later in the evening, Dixon asked the defendant if he could buy some hash, to which the defendant replied by handing one of the tinfoil squares to Dixon and re-ceived $7.50 in payment. The square was turned over to the Pittsburg County Sheriff's Department and was later identified as hashish, a form of marihuana.

The defendant put on witnesses who testified that the sale did not take place. Other witnesses testified for the defense in an attempt to affect the two agents' credibility. These witnesses testified that they had observed the agents smoke marihuana and that the agents had served liquor to a minor.

The propositions are taken as they would occur in the course of the trial and are numbered as they were on defendant's brief. Defendant urges in his fourth proposition that error was committed when the Information and Amended Information were not subscribed by the District Attorney as required by 22 O.S.1971, § 303, but were instead signed by the use of a rubber stamp bearing the District Attorney's signature.

The pertinent provisions of 22 O.S.1971, § 303 are as follows:

"The county attorney shall subscribe his name to informations filed in the county, superior or district court and indorse thereon the names of the witnesses known to him at the time of filing the same. He shall also indorse thereon the names of such other witnesses as may afterwards become known to him, at such time as the court may by rule prescribe. All informations shall be verified by the oath of the prosecuting attorney, complainant or some other person."

We have held in the past that it is not proper for Informations and verifications to be signed in blank and left for the Information to be filled in at a later date. Fullingin v. State, 7 Okl.Cr. 333, 123 P. 558 (1912); Ivy v. State, Okl.Cr., 414 P.2d 1007 (1966). There is no indication, however, that the Information in the instant case was signed in blank.

The purpose of requiring the prosecuting attorney's signature on the Information is a guarantee that the prosecution is being conducted in good faith by

the State and that it is not the work of private citizens. Brown v. State, 9 Okl.Cr. 382, 132 P. 359 (1913); Roberts v. State, 72 Okl.Cr. 384, 115 P.2d 270 (1941).

The fact that the trial was prosecuted by the same attorney whose signature was affixed to the Information is indicative of the fact that the prosecution was conducted in good faith. For this reason, we find no error in the manner in which the Information was signed.

Defendant's third proposition is that the examining magistrate committed error in binding him over at preliminary hearing. The defendant urges as error the fact that he was bound over on the charge of Sale of Marihuana, rather than on the charge of Sale of Marihuana, After Former Conviction of a Felony. The defendant relies primarily on the case of Carter v. State, Okl.Cr., 292 P.2d 435 (1956). In that case, the defendant was bound over on a charge of Burglary, but tried for Burglary, After Former Conviction of a Felony. In reversing, it was the concern of this Court that the defendant be made fully aware of the charge for which he was being tried, lest he waive any of his rights, such as his right to counsel, with the mistaken concept that he was not being tried as a habitual criminal.

In the instant case, it was evident to the defendant and his counsel that the charge was After Former Conviction of a Felony. At the opening of the preliminary hearing, the District Attorney announced to the court that the defendant was charged with the Sale of Hashish, After Former Conviction of a Felony. Later in the preliminary hearing, when the District Attorney offered into evidence page two of the Information concerning the After Former Conviction of a Felony portion of the charge against the defendant, the following took place:

"BEASLEY: We want to offer into evidence State's exhibit number two, when counsel here has an occasion to examine it. This is the second page of the information against the defendant, Mario Sam. It is a certified copy from this Court, this Pittsburg Court, showing this defendant was represented by an attorney, proves he plead guilty to a felony, to-wit: Grand Larceny.

COURT: Do they show represented by counsel?

BEASLEY: Yes, Mr. Hill, I believe.

COURT: That's the only one that I have been interested in, I have been paying attention to on these certified copies. We have some decisions on it.

STOWERS: Your Honor, this is certified to by the Court Clerk and the Judge, extracts from the minutes. I would just like to enter an objection at this time to page two of the information.

BEASLEY: I believe it shows Larry H. Hill, Your Honor.

COURT: Overruled, exceptions allowed. . . ."

■ We believe it was evident to the defendant that he was being tried as a former felon. Therefore, we do not find that merely because the bind-over order does not spell out that the defendant is to be tried for Sale of Marihuana, After Former Conviction of a Felony, that this constituted reversible error. Therefore, defendant's third proposition is without merit.

The defendant's first proposition of error asserts that the trial court committed error in failing to disqualify the honorable James B. Martin from hearing the case. The defendant, through his attorney, filed a Motion to Disqualify Judge Martin on January 10, 1972. This Motion was renewed on January 25, 1972, the day before the trial began.

The defendant asserts that because Judge Martin was the District Attorney who had prosecuted the defendant for an earlier charge of Marihuana Possession, he should have disqualified himself from sitting as judge in the instant case.

Title 20 O.S.1971, § 1401 provides in part:

"(a) No judge of any court shall sit in any cause or proceeding in which he

may be interested, or in the result of which he may be interested, * * *, or in which he has been of counsel for either side, or in which is called in question the validity of any judgment or proceeding in which he was of counsel or interested, * * *, without the consent of the parties to said action entered of record."

We held in Dodd v. State, 5 Okl.Cr. 513, 115 P. 632 (1911), that a judge was disqualified to try a case when he was the County Attorney at the time the defendant was arrested. We also held that a judge was disqualified when he was the County Attorney at the time of the defendant's arrest and signed the Information charging the defendant. McElroy v. State, 76 Okl. Cr. 10, 133 P.2d 900 (1943).

■ This is not the case here. Judge Martin had not been involved with this particular case in any way. The fact that he had prosecuted the defendant in a previous case does not, by itself, show prejudice on the part of the judge.

Other jurisdictions have held that the fact that the judge was the District Attorney who had prosecuted the defendant for previous crimes was not sufficient to disqualify him. Trinkle v. State, 59 Tex.Cr. R. 257, 127 S.W. 1060 (1910); Goodspeed v. Beto, 341 F.2d 908 (5th Cir. 1965), cert. denied, 386 U.S. 926, 87 S.Ct. 867, 17 L.Ed.2d 798 (1967), rehearing denied, 386 U.S. 969, 87 S.Ct. 1032, 18 L.Ed.2d 126 (1967).

We find nothing in the record to indicate that the defendant was prejudiced. The transcript of the trial shows that it was conducted in a most impartial and unbiased manner. For these reasons, defendant's first proposition of error is without merit.

Defendant's second contention is that the court erred by refusing to grant defendant's Motion for Change of Venue. McAlester, where the defendant was tried, has two newspapers which both gave the defendant's case extensive publicity. Defendant contends that because of this publicity, he was unable to receive a fair and impartial trial. The defendant moved for a change of venue on December 29, 1971, and renewed his motion numerous times throughout the trial.

■ We have held many times that the granting of a change of venue is within the sound discretion of the trial court and that the action of the trial court will not be disturbed unless there is an abuse of discretion. Johnson v. State, 55 Okl.Cr. 55, 24 P.2d 1018 (1933); Newton v. State, 56 Okl.Cr. 391, 40 P.2d 686 (1935); Sweet v. State, 70 Okl.Cr. 443, 107 P.2d 817 (1940); Fesmire v. State, Okl.Cr., 456 P.2d 573 (1969).

■ We do not find an abuse of discretion in this case. It is clear that most of the jurors who sat on the trial had read the articles concerning the defendant's case, but all said that they could lay aside what they had read and deliver a fair verdict on the evidence presented to them.

The United States Supreme Court in Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961), said in reversing a decision for failure to grant a change of venue when two-thirds of the jury felt the defendant was guilty, that the court cannot require that a juror not have read any stories about the case or even that they have not formed some opinion. The Court went on to say that it is sufficient if the juror can lay aside his opinion and render a verdict based on the evidence presented in court.

There is no evidence, in the instant case, that the jury did not reach a verdict based solely on the evidence presented. For this reason, defendant's second proposition is without merit.

The defendant's seventh proposition of error is that the court erred in overruling defendant's Motion for a Mistrial, based on the method in which the jurors' names were drawn.

Title 22 O.S.1971, § 595 provides:

"Before the name of any juror is drawn, the box must be closed and shaken, so as

to intermingle the ballots therein. The clerk must then, without looking at the ballots, draw them from the box."

The Deputy Court Clerk testified that because the box was so full, she felt that shaking it would do no good and, therefore, she stirred the names with her hand before drawing a name.

The defendant has cited three cases dealing with 22 O.S. § 595, but none are on point with the instant case.

In Pope v. State, Okl.Cr., 397 P.2d 513 (1964), this Court held there was not strict compliance with the statute when the ballots were drawn from an open box and the ballots were not folded pursuant to the statute.

In Grant v. State, 11 Okl.Cr. 396, 146 P. 919 (1915), some of the ballots were clipped together and when they were returned to the box, they were placed in such a manner that the clerk could read each name and drew these same names again. This Court held that this was not in compliance with 22 O.S. § 595.

Likewise, in Cline v. State, Okl.Cr., 438 P.2d 304 (1968), this Court held that failure to fold the ballots so the names could not be seen was not in accordance with the statute.

■ In the instant case, the only deviation from the statute was that the ballots were stirred rather than "shaken." The end result is the same. The ballots were mixed before the names were drawn, thereby complying with the purpose of the statute. Therefore, the defendant's seventh proposition is without merit.

■ It is the defendant's fifth contention that error was committed when the trial court failed to give an instruction on entrapment. The defendant orally requested the instruction and did not submit it to the court in writing. This Court will not reverse a conviction for failure to give a requested instruction when the instruction is not submitted to the court in writing, unless, in light of the evidence, the defendant has been deprived of some substantial right. Sheehan v. State, 83 Okl.Cr. 41, 172 P.2d 809 (1946); Woody v. State, 95 Okl. Cr. 21, 238 P.2d 367 (1951). We find no such deprivation here.

■ The defendant asserts that because Agent Dixon asked the defendant if he would sell him some hashish, this constituted entrapment. Merely furnishing the defendant with an opportunity to act does not constitute entrapment. Watson v. State, Okl.Cr., 382 P.2d 449 (1962); McCart v. State, Okl.Cr., 435 P.2d 419 (1967). The mere request on the part of Dixon did not entice the defendant to do something which he was not already predisposed to do. Therefore, we do not find that the court's refusal to give the orally requested instruction deprived the defendant of any substantial right.

The defendant's sixth proposition of error is that the trial court erred in not admonishing the jury to disregard remarks made by the District Attorney in his closing argument. The defendant made two objections during the prosecution's closing argument. The defendant did not request that the jury be admonished to disregard the remarks at either time. We have consistently held that unless the remarks were of such a nature that they could not be cured by withdrawal, the counsel must not only object, but move to have the jury admonished. Peters v. State, 71 Okl.Cr. 175, 110 P.2d 300 (1941); Disheroon v. State, Okl.Cr., 357 P.2d 236 (1960); Pitts v. State, Okl.Cr., 431 P.2d 449 (1966); Walters v. State, Okl.Cr., 455 P.2d 702 (1969).

■ The defendant's failure to request that the jury be admonished to disregard the remarks made in the closing argument, waived any error which might have been present. We therefore hold that the defendant's sixth assignment of error is without merit.

For all of the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BLISS, P. J., concurs.

BRETT, J., dissents.

BRETT, Judge (dissenting):

I respectfully dissent to this decision. It is presumed that a district attorney is competent to execute his own signature to an information. Both informations and all the pleadings filed by the district attorney were executed by Use of a Rubber Stamp. The statute makes no provision for the district attorney to sign an information by rubber stamp, unless it is filed by his assistant and is signed by the assistant district attorney. In this case the record indicates that all pleadings were filed by the district attorney and not by his assistant; therefore, the execution by rubber stamp indicates either incompetence or laziness. Consequently, I believe the information was not sufficient and defendant's challenge to the information should have been sustained. The adversary system of justice intends that the prosecutor shall also comply with the law.

The trial judge should have disqualified himself in this case; defendant should have been granted a change of venue; and the court clerk should furnish a box large enough to accommodate the juror slips in order to comply with the statute providing for the manner of withdrawing the names of prospective jurors.

During the second stage of defendant's trial, defendant was not properly identified as being the person formerly convicted, as contemplated by due process of law. So, I believe the sentence is excessive.

I will not place my stamp of approval on this type trial for any person. A fair trial, as contemplated by due process of law, encompasses a trial of fundamental fairness at least. This defendant did not receive such a trial, and I believe this conviction should be reversed and remanded for a new trial. Therefore, I dissent.