Earl **ANDERSON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–191.

Court of Criminal Appeals of Oklahoma.

June 13, 1974.

Don Anderson, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Earl Anderson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County for two offenses of Unlawful Distribution of a Controlled Dangerous Substance, LSD, Case Numbers CRF–73–608 and CRF–73–609. The cases were tried together to a jury which fixed the defendant's punishment at twelve (12) years in each case to run concurrently and fines of Two-Hundred and Fifty dollars ($250.00) in each case. From said judgments and sentences a timely appeal has been perfected to this Court.

At the trial, Arthur Dale Linville testified that on February 26, 1973, he was employed as a Narcotics Agent for the Oklahoma Bureau of Investigation. On this date he, Dick Wilkerson and Kenneth Jacobson (both narcotics agents), Carol Jean Jamison (an informer), and Eddie Deer went to a residence located at 3324 North Classen in Oklahoma City, Oklahoma. Deer knocked on the door and the defendant admitted Linville and Carol Jamison. The defendant asked, "do you want to drop some acid?" Quoting a price of two dollars a "hit." Linville wanted ten "hits," so the four went into a bedroom where the defendant counted out ten orange pills and gave them to Linville in exchange for twenty dollars. Linville then identified State's exhibit No. 1 as the pills the defendant sold him. On March 3, 1973, Linville, accompanied by the same group except Eddie Deer, returned to the defendant's residence and after being admitted asked the defendant for more "acid." The defendant replied he only had two left, which he sold to Wilkerson for two dollars. The defendant was then arrested.

William J. Caveny testified he was a chemist for the State Bureau of Investigation. He tested both State's exhibits No. 1 and No. 3, exhibit No. 3 being the two pills sold to Wilkerson on March 3, 1973, and determined that the contents were LSD.

Dick Wilkerson testified he was employed as a Narcotics Agent for the Oklahoma Bureau of Investigation. On March 3, 1973, he accompanied Agent Linville to the defendant's residence and purchased two pills from the defendant for two dollars. His testimony was substantially the same as Agent Linville's concerning the events on March 3, 1973.

Valerie Anderson, defendant's wife, testified for the defendant that on March 3, 1973, she was present when two Crime Bureau agents and Carol Jamison came to their home. Carol Jamison asked the defendant if he had any "downers" or "speed" to which he replied, "No." Defendant and the two agents then went into the bedroom. Shortly thereafter Linville returned to the living room with his gun drawn. The house was searched and the defendant was arrested.

Willard Edge, Jr. next testified that he knew Agent Linville in Chickasha, Oklahoma and had seen him smoke Marihuana and take LSD.

The defendant testified in his own behalf that on February 26, 1973, the first visit to his residence by the agents, Eddie Deer introduced the agents to him as his friends. Agent Linville asked him into the bedroom and asked if he (defendant) would sell him some acid. The defendant replied he had some but did not wish to sell it, as he wanted to keep it for himself. Agent Linville's eyes were bloodshot and he appeared to be under the influence of drugs. Agent Linville continued to press

the defendant to sell him some "acid." The defendant feared that if he refused to sell, Agent Linville would become violent, so he sold him ten tablets for twenty dollars.

The defendant further testified that on the occasion of March 3, 1973, the first mention of sale of drugs was by Carol Jamison when she asked if he had any dope she could buy. The defendant stated he did not have any, but after repeated urgings from her, he reluctantly agreed to let her have his last two capsules and did not want any money for them but finally accepted two dollars. The defendant further testified on cross-examination that he had given LSD and other drugs to his friends in the past on a few occasions.

In rebuttal for the State, Dick Wilkerson retook the stand and testified that he knew Agent Linville did not smoke Marihuana but was very good at simulating the smoking of it.

Arthur Dale Linville also testified in rebuttal for the State that he had never used narcotics around William Edge, Jr., and had always simulated the smoking of marihuana.

■■■ The defendant's first proposition of error asserts that the verdict was not supported by the evidence. It is our opinion that there was competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged. Under such circumstances, the Court of Criminal Appeals will not interfere with the verdict since it is the exclusive province of the jury to weigh the evidence and determine the facts. See Williams v. State, Okl.Cr., 373 P.2d 91 (1962).

■■■ The defendant's second proposition asserts that the punishment is excessive. This Court will not modify a sentence unless we can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. See Roberts v. State, Okl. Cr., 473 P.2d 264 (1970). Suf-

fice it to say that the punishment imposed in the instant case is well within the range provided by law and does not shock the conscience of this Court.

■■■ The defendant's final proposition of error asserts that the trial court erred in refusing to instruct the jury on the defense of entrapment as requested by the defendant. It is our opinion that by reason of the defendant admitting he had possession of the drugs and that he had possession for his own use and distribution to his friends, the agents merely provided an opportunity for the defendant to commit the crime and therefore entrapment was not an issue and the trial court committed no error in refusing to instruct the jury on the defense of entrapment. See Sam v. State, Okl.Cr., 510 P.2d 978 (1973).

Finding no error sufficient to justify modification or reversal, it is our opinion that the judgments and sentences appealed from should be, and the same are hereby, affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs specially.

BRETT, Judge (specially concurring).

I concur in the results of this decision, but I also believe the sentence is excessive insofar as this is the first arrest or conviction sustained by this twenty-one year old defendant. I agree that the instruction on entrapment was not justified, because the defendant testified that he distributed contraband items to his friends, which shows a propensity to distribute. However, I again state that these situations, in my opinion, are the type that should have been charged as separate counts under 22 O.S.1971, § 404; and that two informations were not justified, notwithstanding separate dates on which distribution occurred. Technically, it should be said that the defendant should have been arrested after the first violation of the law. The fact that he was not is even more justification for the separate counts under one information.