Billy Joe **HILL, Appellant,**

v.

The **STATE of Oklahoma, Appellee.**

No. F–75–605.

Court of Criminal Appeals of Oklahoma.

June 8, 1976.

Richard A. Hoffman, Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Billy Joe Hill, hereinafter referred to as defendant, was convicted after a trial by jury of the crime of Robbery With Firearms, in Case No. CRF–74–2993, of the District Court, Tulsa County. In accordance with the verdict of the jury, he was sentenced to serve a term of fifty (50) years in the State penitentiary. He appeals.

On December 22, 1974, a convenience grocery store in Tulsa, Oklahoma, was robbed of $180.00 and an employee of the store severely beaten. At trial, that employee, Ronald D. Compton, identified the defendant as the man who robbed and beat him. Compton testified that he was alone in the store when, at approximately 8:45 in the morning, the defendant entered, pointed a gun at him and demanded the money in the cash register. Compton testified that he was ordered into a back room where the defendant struck him repeatedly about the head with the butt end of a revolver. Compton recalled that his assailant was dressed in an orange turtleneck sweater.

The manager of a laundry located next to the grocery store, Luther Wayland, testified that on the same morning, at approximately 8:30, he saw the defendant using the change machine in the laundry. After the defendant left the laundry, Mr. Wayland saw him use a pay phone just outside and then walk toward the grocery store. Soon after, Mr. Wayland was summoned next door by a customer to help Mr. Compton whom he found injured and bleeding. Wayland testified that at the time he observed the defendant he was wearing an orange turtleneck sweater.

The defendant was arrested almost immediately after the robbery. Officer Charlie Barnhart of the Tulsa Police Department testified that he was on patrol on the morning in question when, at approximately 8:47, he received a radio dispatch that an armed robbery had occurred at a convenience store in the 500 block of East 56th Street North. As he drove toward the store, he saw a white Ford automobile with three men in it traveling in the other direction. The reaction of those men upon seeing him made him suspicious. As he began to follow the car it increased its speed and ran a red light. He pursued the car until the driver, having run several stop signs, lost control of the car causing it to hit a tree. The officer testified that the defendant was the driver of that automobile. He testified that he took the defend-

ant into custody, and that during the booking procedure at the police station he took from his person $185.00. At the beginning of that procedure, the officer testified, they discovered the defendant stuffing one of the bills into his mouth.

The defendant took the stand in his own behalf and offered an explanation of the circumstances testified to by the State's witnesses. The money, he stated, was left over from the previous night's poker game. While he was using the telephone outside the laundry, he became aware of a commotion within the grocery store. Entering the store to investigate, he discovered Mr. Compton on the floor and thought he was dead. He was afraid to become involved because he was an ex-convict and so he left. He attempted to elude the policemen because the passengers in his car possessed marihuana. His testimony concluded the defense case.

■■ The defendant first argues the proposition that the trial court erred in allowing the Assistant District Attorney to make statements which were inflammatory and prejudicial to his right to a fair and impartial trial. The defendant made no objection to the comments of which he now complains. It is a well established rule that when an objectionable comment is made by the prosecutor, the trial judge should be given the opportunity to rule upon the propriety of the remark if the error is to be preserved for review on appeal. The defendant should make a timely objection and request that the jury be instructed to disregard the improper statement. If counsel for the defendant deems the remark so fundamentally prejudicial that the court cannot cure it, counsel should move for a mistrial and preserve

the error by raising it in the motion for a new trial. *Glazier v. State*, Okl.Cr., 514 P.2d 87 (1973).

■■ As his second proposition the defendant asserts that the trial court erred in admitting into evidence certain photographs depicting the injuries inflicted upon the complaining witness. He argues that the photographs were without probative value, and were admitted for no purpose other than to inflame the passion and prejudice of the jury. This Court considered an identical argument in *Snake v. State*, Okl.Cr., 453 P.2d 287 (1969). The defendant in that case argued that it was improper for the trial court to allow into evidence in a prosecution for robbery by force photographs showing the robbery victim's injuries. In that case we held there was no error and reiterated the well established rule that the question of the admissibility of photographs into evidence is a matter addressed to the sound discretion of the trial court. Id. at 291.

■■ Defendant's third proposition asserts that the sentence imposed is excessive. We do not find it so. When a sentence is within the limits imposed by statute, this Court will not modify the terms of that sentence unless we can conscientiously say that under all the facts and circumstances it is so excessive as to shock the conscience of the Court. *Anderson v. State*, Okl.Cr., 523 P.2d 1099 (1974). We do not find this sentence excessive under the circumstances surrounding this crime, and we find the record to be free of any error that would justify a modification.

The judgment and sentence appealed from is, accordingly, AFFIRMED.

BUSSEY and BLISS, JJ., concur.