**Danny Reece BARLOR, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–450.**

Court of Criminal Appeals of Oklahoma.

June 8, 1983.

Rick Ault, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Kay Harley Jacobs, Asst. Atty. Gen., State of Okl., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

On appeal from his conviction in Oklahoma County District Court, Case No. CRF–82–530, wherein the appellant, Danny Reece Barlor, was convicted of Manslaughter in the First Degree, After Former Conviction of a Felony, and was sentenced to seventy (70) years' imprisonment, the appellant raises two assignments of error.

Since the appellant, in his first assignment of error, argues that the trial court erred in failing to sustain his demurrer and grant his motion for a directed verdict, entered at the close of the State's evidence, a brief recitation of the pertinent facts of this case is appropriate.

At trial, Tommie Jane White testified that on the evening of January 15, 1982, she and the appellant went to the Western Corral Bar in search of Michael Wayne Hagan, who lived with them at her residence. According to Ms. White, she and the appellant intended to convince Hagan that he should not return home that evening. While discussing the matter outside the bar, a struggle ensued and the appellant got a .22 caliber pistol from the floorboard of White's car to "show" Hagan, allegedly because he did not want to fight Hagan. Ms. White further related that the two began to fight again and she heard two shots. She stated that the appellant informed her that they needed to take Hagan to a hospital; however, before they could get to one the victim died. Since Barlor felt that no one would believe that the shooting was in self-defense, Hagan's body was hidden in some bushes about fifty yards from Interstate 40, east of Midwest City, where it was discovered on January 20, 1982.

When the sufficiency of the evidence presented at trial is challenged on appeal, as it is here, the proper test is whether a prima facie case has been established. If that test is satisfied, then all questions of fact are for the jury to resolve. In reviewing the evidence to determine whether the State has established a prima facie case, we view the evidence in the light most favorable to the State. *Nutter v. State,* 658 P.2d 492 (Okl.Cr.1983). The jury was instructed as to the law regarding both Manslaughter in the First Degree and Justifiable Homicide, and, finding that there was ample evidence presented to support it, we will not disturb the verdict of the jury.

In his second assignment of error, the appellant alleges that the punishment assessed against him is excessive. This Court has consistently held that: "When a sentence is within the limits imposed by statute, this Court will not modify the terms of that sentence unless we can conscientiously say that under all the facts and circumstances it is so excessive as to shock the conscience of the Court." *Hill v. State,* 550 P.2d 1356 (Okl.Cr.1976). We note that the appellant's punishment is within the statutory range, and that during the second stage of the bifurcated trial he stipulated to six (6) previous felony convictions; under the totality of circumstances we are unable to say that the sentence shocks the conscience of the court.

Accordingly, the judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concurs.