## JACKSON v. YOCHUM.

No. 35082.  May 27, 1952.

*244 P. 2d 1134.*

Fred W. Martin, Wagoner, and J. C. Pinson, Coweta, for plaintiff in error.

Chas. G. Watts and E. J. Broaddus, Wagoner, for defendant in error.

BINGAMAN, J.  On the 11th day of April, 1949, Eva Yochum, administratrix of the estate of William B. Yochum, deceased, brought an action against Clarence Jackson, a peace officer, and United States Fidelity & Guaranty Company, surety on the official bond of Clarence Jackson, to recover damages because of the alleged wrongful killing of deceased. The trial was to a jury resulting in a verdict in favor of plaintiff. Defendant Jackson alone appeals.

The record shows that in the process of empaneling a jury the general panel became exhausted. The court then, over the objection of defendant and his demand that additional jurors necessary to complete the panel be obtained by resort to the jury wheel, issued on open venire and placed the same in the hands of the bailiff in order to obtain the additional necessary jurors. Defendant had then exhausted all of his peremptory challenges and three of the jurors obtained were, over the objection of defendant, permitted to serve on the jury. This ruling is assigned as error by defendant.

It is defendant's contention that additional jurors necessary to complete the jury should have been obtained by resort to the jury wheel as provided by S. L. 1949, p. 279, 38 O. S. 1951 §18 et seq.

The court proceeded to obtain additional jurors as provided by 38 O. S. 1941 §5. In 1949 the Legislature enacted an entirely new act commonly called the Jury Wheel Act, and in that Act specifically repealed 38 O. S. 1941 §§1 to 17, inclusive, and enacted in lieu of said section 5 a new and different section which now appears as 38 O. S. 1951 §22. This section provides in part:

"* * * Resort to the wheel shall be had in all cases to fill out the general panel, except where waived by the parties or their attorneys; provided that by written agreement entered into by all the parties to any cause or suit, or the attorney of record in such suit or cause filed therein, the court may direct that an open venire be issued to the Sheriff or other suitable person, for such num-

ber of jurors as may be deemed necessary, to be selected from the body of the County or from such portion of the County as the Court may order without resorting to the jury wheel; provided, that no person shall serve as talesman oftener than once a year."

The 1949 law was effective at the time this case was tried. Neither of the parties otherwise contend.

It will be noted that the statute in plain and unambiguous language provides that resort to the jury wheel shall in all cases be had where additional jurors are necessary to complete the jury except that upon waiver or written agreement being filed by the parties agreeing thereto, the court may direct an open venire be issued to the sheriff or other suitable person to obtain such additional jurors as may be deemed necessary.

We think the above provision of the statute is mandatory and must be strictly followed in obtaining a jury. The record shows that there was no waiver of the parties or written agreement filed. The court therefore had no authority under the statute to issue an open venire to obtain additional jurors but such additional jurors should have been obtained by resort to the jury wheel.

A jury not organized in accordance with the mandatory provisions of the statute is an unlawful jury. Rollo N. Walter, Appt. v. State of Indiana, 208 Ind. 231, 195 N. E. 268, 98 A. L. R. 607.

Defendant had a right to have his case tried by a lawful jury, one selected, drawn and empaneled as provided by statute. Grant v. State, 11 Okla. Cr. 396, 146 P. 919; Kizer v. State, 64 Okla. Cr. 222, 78 P. 2d 831.

The trial court erred in overruling defendant's objection to the issuance of an open venire and his demand that additional jurors be obtained by resort to the jury wheel.

Plaintiff in his brief does not argue that the court was authorized under the 1949 Act to issue an open venire to obtain additional jurors necessary to complete the jury. It is argued by counsel that the title to the Act is defective. The title is as follows:

"An Act providing the method of making jury lists, the officers to make up such lists, the qualifications of jurors, the method of drawing jurors from jury wheel and for such wheel; repealing Sections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 as amended, 11 as amended, 12 13, 14, 15, 16 and 17 of Title 38 O.S. 1941."

Section 4 of said act (38 O. S. 1951 §21) in part provides:

"On the First Monday in January and July of each year and at such other times as the presiding district judge or the available judge of the court of record of the county may order the Court Clerk or one of his deputies and the Sheriff or one of his deputies in open court and under the direction of the presiding District Judge or the available judge of a court of record of the county shall draw from the wheel containing the names of jurors, after the same has been well turned so that the cards therein are thoroughly mixed one by one until number of jurors for grand or petit jury service as directed by said judge or judges for each two week period of the term of the court or courts, for which a jury may be required and shall record such names as they are drawn upon as many separate sheets of paper as there are weeks for such term or terms for which jurors will be required. * * * If a grand jury is ordered, the first names drawn to the number stated in the Judge's order, not to exceed twenty-four shall be summoned as grand jurors, and the grand jury shall be empaneled from said persons. * * *"

It is asserted by plaintiff that there is no statement in the title of the act pertaining to the selection of grand and petit jurors for the district and other courts of the county and the act is therefore void and inoperative as to the provisions of the act relative thereto as being violative of sec. 57, art. 5 of the State Constitution, which provides that every act of the Legislature shall embrace but one subject which

shall be clearly expressed in its title and that the trial court therefore had the right to resort to the 1941 law to obtain jurors necessary to complete the panel. There is no substantial merit to this contention.

One of the purposes of the act stated in the title is the method of drawing jurors from the jury wheel. The provision of the act designating that the names of jurors drawn shall be drawn for service on grand and petit juries in the district court and other courts of the county and the provisions of sec. 22, supra, are certainly germane to the general subject mentioned in the title. The title of the act is sufficient. In Julian Oil & Royalties Co. v. Capshaw, 145 Okla. 237, 292 P. 841, this court said:

"Section 57, Art. 5 of the Constitution of Oklahoma, providing every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, is satisfied if the act has but one general subject and that is fairly indicated by the title. It may have many details, but if they all relate to the same general subject or object, they are properly included therein. The purpose of this provision of the Constitution was to forbid the Legislature from embracing in any one act two or more unconnected subjects. Oklahoma Light & Power Co. v. Corporation Commission, 96 Okla. 19, 220 P. 54."

This provision of the Constitution does not require that the title contain a complete abstract or index of its contents. The title may express the purpose or the object of the law in very general terms leaving the details in connection with the accomplishment of the same to be set forth in its body. State ex rel. Oklahoma State Highway Commission v. Horn, 187 Okla. 605, 105 P. 2d 234, and numerous cases referred to in the opinion.

An examination of the legislative act in question in its entirety discloses that its purpose was the enactment of a law pertaining to the selecting, drawing and empaneling of juries and that the various provisions thereof are germane to that subject, which is clearly expressed in the above-stated title.

The trial court was required to follow that Act in obtaining additional jurors necessary to complete the jury. In ruling otherwise the court erred.

Reversed, with directions to grant defendant a new trial.

WELCH, CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur.