CHASTAIN et al. v. OKLAHOMA CITY.

No. 35490. May 26, 1953.

*258 P. 2d 635.*

J. D. Chastain, Oklahoma City, for plaintiffs in error.

A. L. Jeffrey, Municipal Counselor, and Arthur Leach, Asst. Municipal Counselor, Oklahoma City, for defendant in error.

DAVISON, J. J. D. Chastain, as plaintiff, filed this suit seeking to enjoin the city of Oklahoma City, as defendant, from collecting a sewer service charge as provided for by a city ordinance. The parties will be referred to as they appeared in the trial court.

The defendant, through its proper officers, enacted a city ordinance on July 24, 1951, whereby it was provided that a sewer service charge should be made against, and collected from, those inhabitants using the city sewers. Plaintiff, a resident taxpayer, owned his home in the city. On October 11, 1951, he paid $2 upon the allegedly "void and illegal tax, under protest." On the same day, he filed his petition in the district court praying that "said alleged ordinance as applied to plaintiff, and to all others similarly situated, be canceled, held for naught, and that this plaintiff have and be by the court awarded judgment herein, for the said

$2.00 so expended under protest as aforesaid, and that said defendant municipality be restrained and enjoined from collected said sums, or any sum under the said void ordinance, * * *" Subsequently, he filed an amended petition seeking the same general relief. The defendant's demurrer to the amended petition was sustained and, upon plaintiff's election to stand upon his amended petition, the cause was dismissed and plaintiff has appealed.

Although plaintiff may not have placed himself in such a position technically that his right to maintain this action is unquestionable, the importance of the principal issue, to the public generally, requires that it be determined. Plaintiff alleged and argued that the ordinance was unconstitutional in that: the title thereof was insufficient; it impaired the obligation of contract; and it violated the provisions of art. 10, §27, Oklahoma Constitution. These propositions will be discussed in the order outlined.

There is no material difference between the facts in the case at bar and those in the case of Sharp v. Hall, 198 Okla. 678, 181 P. 2d 972, wherein we held that such an ordinance did not deprive a user of the sewer of his property without due process of law. Also, it was there held that, since a sewer system was a public utility, the municipality could lawfully make a charge for its use "basing the amount thereof on amount of water used and making the person purchasing the water liable therefor." The reported case determines most of the questions with regard to such an ordinance.

As to the sufficiency of the title of the ordinance, it clearly and fairly expressed the subject with a concise outline of the major provisions. Some of the details were not specifically mentioned but they all related to the same general subject and object of the act. It clearly met the constitutional requirement, as recently interpreted in the case of Jackson v. Yochum, 206

Okla. 531, 244 P. 2d 1134. Therein it was held:

"Section 57, art. 5, of the Constitution of Oklahoma, providing every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, is satisfied if the act has but one general subject and that is fairly indicated by the title. It may have many details, but if they all relate to the same general subject or object, they are properly included therein. The purpose of this provision of the Constitution was to forbid the Legislature from embracing in any one act two or more unconnected subjects."

As to whether or not the provisions of the ordinance impair the obligation of contract, the plaintiff's petition contains no allegation of a contract between the plaintiff and the city. Plaintiff was not obligated to purchase any amount of water at any price nor was the city obligated by contract to furnish any amount of water at any price. The only obligation on the part of the city was as to discrimination between users— the same obligation that rests upon any public utility corporation. Had the water been furnished by a private corporation, power to fix the rates would have been under the jurisdiction of the Corporation Commission and an order by it "establishing a higher rate for such commodity", would "not impair the obligation of such contract." Southern Oil Corp. v. Yale Nat. Gas Co., 89 Okla. 121, 214 P. 131. The Arkansas court, in the case of Arkansas Light & Power Co. v. Cooley, 138 Ark. 390, 211 S.W. 664, said that: "An individual can acquire no vested right as against the public in the continued service of a public utility." The ordinance in that case, raising the water rate, was held invalid only because it was not properly adopted.

Plaintiff devotes most of the argument in his brief to the contention that the ordinance is in conflict with art. 10, §27, of the Oklahoma Constitution. which provides that:

"Any incorporated city or town in this State may, by a majority of the quali-

fied property tax-paying voters of such city or town, voting at an election to be held for that purpose, be allowed to become indebted in a larger amount than that specified in section twenty-six, for the purpose of purchasing or constructing public utilities, or for repairing the same, to be owned exclusively by such city: Provided, That any such city or town incurring any such indebtedness requiring the assent of the voters as aforesaid, shall have the power to provide for, and, before or at the time of incurring such indebtedness, shall provide for the collection of an annual tax in addition to the other taxes provided for by this Constitution, sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty-five years from the time of contracting the same."

It is his position that the reasoning in the case of Burch v. City of Pauls Valley, 201 Okla. 78, 201 P. 2d 247, applies here and that the reported case, in effect, overruled the decision in the case of Sharp v. Hall, supra. Such conclusion is erroneous. The two cases have nothing in common other than that they deal with municipal sewer systems. The Sharp v. Hall case held that a city ordinance, fixing and imposing a sewer service charge, similar to that in the case at bar, was constitutional. The Burch case held that a city ordinance, authorizing the creation of a debt for extension and improvement of a public water system and the issuance of bonds to pay therefor, payable from the revenues of the water department, was unconstitutional, being violative of art. 10, §27, of the Constitution. The decision in the Burch case was founded upon the constitutional limitation upon a municipality to become indebted. The Sharp case and the case at bar have no connection with municipal indebtedness; the ordinance in each prescribed what rates were to be charged for a municipally owned self-sustaining utility and to what purpose the profits derived therefrom were to be appropriated. Neither the Constitution, nor the statutes, specifically provide there-

for. St. L. & S. F. Ry. Co. v. Andrews, 137 Okla. 222, 278 P. 617; Sharp v. Hall, supra.

The ordinance was not unconstitutional and the petition of plaintiff, therefore, did not state a cause of action. The trial court was correct in so holding.

Judgment affirmed.

JOHNSON, V.C.J., and WELCH, CORN, ARNOLD, WILLIAMS, and BLACKBIRD, JJ., concur.