** Summary ** INSUFFICIENT TITLE RENDERING BILL UNCONSTITUTIONAL Section 2 of House Bill 1163, First Session, Thirty-third Legislature (70 O.S. 18-102 [70-18-102]) is unconstitutional, it not being specifically included in the title of said House Bill. The Attorney General has considered your opinion request wherein you set out the following: "Your attention is directed to H.B. No. 1163, First Regular Session, Thirty-third Oklahoma Legislature (70 O.S. 18-102 [70-18-102]). Section 2 of said bill provides for Equalized Ad Valorem Assessments. "It will be noted that this phase of the School Code was not incorporated in the Title of the Act, and for this reason there is some question as to its constitutionality. "It is respectfully requested that the Attorney General issue his opinion regarding the constitutionality of said Act." It is noted that your question goes only to the Legislature's procedure of enactment, and not to the substance of Section 2. Here follows the "Title" of House Bill 1163, First Session, Thirty-third Oklahoma Legislature (70 O.S. 18-102 [70-18-102] (1971)): "AN ACT RELATING TO SCHOOLS; PROVIDING FOR STATE AID TO PUBLIC SCHOOLS; MAKING DECLARATION OF INTENT; PROVIDING FOR APPORTIONMENT AND DISBURSEMENT OF FUNDS BY STATE BOARD OF EDUCATION; PRESCRIBING PURPOSE OF FUNDS; PROVIDING FOR WARRANTS; CLASSIFYING STATE AID; DEFINING TERMS; PROVIDING FOR KINDERGARTENS; PROVIDING PROCEDURES AND FORMULAS FOR DETERMINING STATE AID PROGRAMS; PROVIDING FOR ADJUSTMENTS AND LIMITATIONS; DEFINING PUPILS TO BE INCLUDED IN AVERAGE DAILY ATTENDANCE; PROVIDING ALLOCATION GUARANTEE; PROVIDING FOR MINIMUM SALARIES; PERMITTING DISTRICT BUDGETS TO INCLUDE STATE AID; PROVIDING FOR FORFEITURE OF AID; PROVIDING PROCEDURES RELATING TO USE OF FUNDS; PROVIDING FOR ENFORCEMENT AND ADMINISTRATION OF THIS ARTICLE; AMENDING 70 O.S. 16-10 [70-16-10] (1961), AS AMENDED BY SECTION 5, CHAPTER 408, O.S.L. 1968 (70 O.S. 16-10 [70-16-10] (1970); PROVIDING FOR TEXTBOOK COMMITTEES AND ADOPTION OF TEXTBOOKS; PRESCRIBING REQUIREMENTS FOR APPORTIONMENTS THROUGH DIRECTOR OF FINANCE; PROVIDING FOR APPOINTMENT OF EXAMINERS; PERMITTING ADJUSTMENTS FOR CERTAIN SCHOOLS CONDUCTING TWELVE YEARS OF EDUCATION; ABOLISHING CERTAIN OFFICES OF COUNTY SUPERINTENDENT OF SCHOOLS AND PROVIDING FOR TRANSFER OF FUNCTIONS AND DUTIES TO COUNTY SCHOOL DISTRICT CLERK; PROVIDING FOR APPOINTMENT OF SAID CLERKS, FIXING DUTIES, AUTHORITY AND SALARY THEREOF; PRESCRIBING DUTIES OF COUNTY COMMISSIONERS; PROVIDING THAT 70 O.S. 3-1 [70-3-1] THROUGH 3-7, 70 O.S. 35a [70-35a], 70 O.S. 35b [70-35b] and 70 O.S. 35c [70-35c], AND SECTIONS 1 AND 2, CHAPTER 434, O.S.L. 1965 (70 O.S. Supp. 1970, 3-4.1 AND 3-4.2), [70-3-4.1] — [70-3-4.2], INSOFAR AS SAME ARE IN CONFLICT WITH SECTIONS 21 AND 22 HEREOF, ARE HEREBY SPECIFICALLY SUPERCEDED; REPEALING SECTIONS 1 THROUGH 14, CHAPTER 397, O.S.L. 1965 (70 O.S. Supp. 1970, 18-1A THROUGH 18-14A) [70-18-1A] [70-18-14A]; DIRECTING CODIFICATION; AND DECLARING AN EMERGENCY." As indicated in the foregoing "Title," House Bill 1163 pertains to "schools" and generally provides for State aid to public schools. Section 2 of said Bill is hereby set out in full: "SECTION 2. EQUALIZED AD VALOREM ASSESSMENTS. The Legislature recognizes that it would be unfair to the taxpaying citizens of the state to base a system of state financial aid to schools upon the amounts of local ad valorem taxes collected for education as this act does without equalizing ad valorem assessments throughout the state. It is the intention of the Legislature to equalize ad valorem assessments so that every parcel and item of taxable property in the state will be assessed at the same percentage of its fair cash value. To provide the information necessary for the accomplishment of this goal of equalization the following procedure is established. " 1. At the time a deed or other instrument of conveyance is presented to the county clerk for filing, the clerk will present to the grantee a form to be mailed within fifteen (15) days to the Oklahoma Tax Commission on which the grantee will state the consideration paid. Said statement shall not be revealed to the county clerk, county assessor, nor any other official, but is to be mailed direct to said Tax Commission where the information will be treated as confidential and privileged. The purpose of the reports is so that said Tax Commission may have said information to prepare statistics showing the sales assessment ratio in each county. "2. The county clerk will forward to the Tax Commission each ninety (90) days a report showing each conveyance transaction in their county for said period of time listing the name and address of the grantee and the description of the property involved. "3. If the consideration is not a total cash transaction, the grantee will show the cash consideration paid and the amount of any mortgage assumed or owed on the form, which will be prepared by the Tax Commission. Said form shall have a proviso as follows: 'If the above consideration which was paid does not represent the true market value of the property involved, please state why.' This will give the grantee the right to state in his own words the reason why he might have paid more than the actual or usual price for the property involved. The Tax Commission shall use the information collected for no other reason than to prepare statistical information on each county and school district, to be presented to the Oklahoma Legislature. In preparing these statistical tables for each county, the Tax Commission will not use as a basis for their ratios, land sold for industrial use, for development purposes or highway purchases, as regards the value of the balance of adjacent lands of the grantor." It is noted that Section 1 of said House Bill is entitled "Declaration of Legislative Intent, Policies and Principles. " Section 3 of said Bill is entitled "Appropriations." Section 4 of said Bill is entitled "Purpose of Funds — Federal Funds." Included within the title of said House Bill is (1) making declaration of intent, (3) providing for apportionment and disbursement of funds by State Board of Education, (4) prescribing purpose of funds, etc. Clearly, Section 2 of said House Bill has been omitted from within the title of said Bill. Section 57 of Article V of the Oklahoma Constitution provides as follows: "Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills and bills adopting a code, digest or revision of statute; and no law shall be revived, amended or the provisions thereof extended or deferred, by reference to its title only; but so much thereof as is revived, amended, extended or deferred shall be re-enacted and published at length: provided, that if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof." (Emphasis added) In Ex parte Wells, Okl. Cr., 335 P.2d 358, the Court said that where a body of an act is broader than its title, the act is unconstitutional as to such provisiOn The purpose of such a provision as contained within Section 57 of ArticleV, Section 57 Oklahoma Constitution, is to forbid the Legislature from embracing in any one act, two or more unconnected subjects, Chastain v. Oklahoma City,208 Okl. 604, 258 P.2d 635. Apparently, Section 2 was not contained in the original House Bill as introduced, but was added before the final enactment thereof. The substance of Section 2 was not contained in the original House as introduced, but was added before the final enactment thereof. The substance of Section 2 was not contained in the title. Such an omission, inadvertent as it may have been, fails to comply with the Oklahoma Constitution. The provision that every act shall have but one subject which is clearly expressed in its title is positive, mandatory and reasonable, State v. Johnson, 90 Okl. 21, 215 P. 945
(1923). Therefore, it is the opinion of the Attorney General that Section 2 of House Bill 1163, First Session, Thirty-third Legislature (70 O.S. 18-102 [70-18-102]) is unconstitutional, it not being specifically included in the title of said House bill. (Larry L. French) (ad valorem taxation)