SHADID v. CITY OF OKLAHOMA CITY

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:SHADID v. CITY OF OKLAHOMA CITY

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

SHADID v. CITY OF OKLAHOMA CITY2019 OK 65Case Number: 118271Decided: 10/14/2019THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2019 OK 65, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

EDWARD SHADID, Petitioner,
v.
CITY OF OKLAHOMA CITY, a municipal corporation, Respondent.

APPLICATION FOR EXTRAORDINARY RELIEF

¶0 The Petitioner filed this original action seeking declaratory and injunctive relief determining a new ordinance proposed and set for a vote by the City of Oklahoma City was unconstitutional. The application to assume original jurisdiction is granted. The proposed ordinance does not violate the single subject rule found in the Oklahoma Constitution or the single subject rule found in state statute and City of Oklahoma City's charter. Relief denied.

APPLICATION TO ASSUME ORIGINAL JURISDICTION GRANTED;
PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF DENIED

Jay W. Barnett, Barnett Legal, PLLC, Edmond, Oklahoma, for Petitioner.

Kenneth Jordan, Municipal Counselor, Amanda Carpenter, Deputy Municipal Counselor, and Laura McDevitt, Assistant Municipal Counselor, Oklahoma City, Oklahoma for Respondent.

COMBS, J.:

¶1 The Petitioner, Edward Shadid, filed an Application to Assume Original Jurisdiction and a Petition for Declaratory and Injunctive Relief with this Court on September 25, 2019. The Petitioner challenges Oklahoma City Ordinance No. 26,255 (Ordinance)1 which was passed by the City Council of Oklahoma City and signed by the Mayor of Oklahoma City on September 24, 2019.2 The Ordinance amends Article II of Chapter 52 of the Oklahoma City Municipal Code, 2010, by creating a new Section 52-23.7. This amendment creates a temporary term (8 year) excise tax of 1% to begin April 1, 2020, if approved by a majority vote of qualified, registered voters of Oklahoma City. A special election has been set for this purpose on December 10, 2019.3

¶2 The Ordinance requires the City Council of Oklahoma City to create a Citizens Sales Tax Advisory Board by a resolution. The duty of this Board is to make recommendations to the Council on Council-assigned projects proposed for funding with the tax levied by the Ordinance. This resolution, or one created at a later date, will determine which projects are to be considered by the Advisory Board. There is no requirement for the Advisory Board to recommend adoption of all or any of the later assigned projects. No specific projects are listed or mandated in the Ordinance. The title of the Ordinance adequately reflects the proposed amendments found in the Ordinance.

¶3 The Petitioner contends the Ordinance violates the single subject rule found in art. 5, §57, Okla. Const., which provides in pertinent part:

Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes . . . ;

He asserts this section is made applicable to municipalities by art. 18, §3, Okla. Const. which provides "[a]ny city containing a population of more than two thousand inhabitants may frame a charter for its own government, consistent with and subject to the Constitution and laws of this State. . . ." The Oklahoma City Charter and state statute also require a city ordinance to contain only one subject which is clearly expressed in the title of the ordinance.4 In at least one opinion of this Court we have found art. 5, § 57, Okla. Const. to be applicable to municipal ordinances.5

¶4 Title 68 O.S. § 2701 (A) provides: "[a]ny incorporated city or town in this state is hereby authorized to assess, levy and collect taxes for general and special purposes of municipal government as the Legislature may levy and collect for purposes of state government." Subsection (B) of this law provides: "[a] sales tax authorized in subsection A of this section may be levied for limited purposes specified in the ordinance levying the tax." The Petitioner contends the strategy employed by the city is to present a series of special taxes cloaked as a single general revenue tax to avoid the single subject rule, rather than placing each germane special tax before the voters separately. He seeks a finding of this Court that the Ordinance does not fall under the "general revenue" exception in art. 5, § 57, Okla. Const. His argument is based upon the Resolution of Intent of the Mayor and City Council of Oklahoma City Setting Forth a New MAPS Program to be Known as MAPS 46. The Resolution of Intent sets out many diverse projects that he alleges are not of the same subject, i.e., not germane to one another, nor does the Ordinance or its title clearly express any of these projects. This resolution was passed by the City Council and signed by the Mayor on August 27, 2019. On page 2 of the resolution it states:

NOW THEREFORE, BE IT FURTHER RESOLVED that, subject to available revenues, the Council's administrative intent is for MAPS 4 to include the following capital projects and operating funds, supported by allocations of estimated revenues as listed. (emphasis added).

Thereafter, it lists the various capital projects which include the subjects of: Parks, Youth Centers, Senior Wellness Centers, Mental Health & Addiction, Family Justice Center, Transit, Sidewalks, Bike Lanes, Trails, and Streetlights, Homelessness, Chesapeake Energy Arena and Related Facilities, Animal Shelter, Fairgrounds Coliseum, Diversion Hub, Innovation District, Freedom Center and Clara Luper Civil Rights Center, Beautification, and Multipurpose Stadium. This Resolution of Intent is an altogether separate document from the Ordinance and is not something put to a vote of the people.

¶5 First, the Respondent requests this Court not assume original jurisdiction. It argues the Petitioner has failed to meet his burden under Okla.Sup.Ct.R. 1.191 (b). This Rule provides:

The application and petition may be combined in the same instrument and shall state concisely:

(1) the reasons why such action or proceeding is brought in the Supreme Court instead of another court of competent jurisdiction and why original jurisdiction should be assumed,
(2) the nature of the remedy or relief sought, and
(3) the facts entitling the petitioner to the remedy or relief sought.

We disagree. The power of this Court to assume original jurisdiction is discretionary in cases such as this where this Court and the district court both have concurrent jurisdiction. Fent v. Contingency Review Bd., 2007 OK 27, ¶11, 163 P.3d 512. A petitioner must still fulfill specified burdens of procedure and persuasion. State ex rel. Oklahoma Bar Ass'n v. Mothershed, 2011 OK 84, ¶78, 264 P.3d 1197. The Petitioner filed his application and petition separately rather than combined. Reading the two documents together the Petitioner is asking this court to assume original jurisdiction due to the publici juris nature of the allegation and the urgency needed to address the issue prior to the December 10, 2019 special election. He asks this Court to declare the Ordinance unconstitutional as violating the single subject rule and grant an injunction to stop the election based upon the facts alleged. In Keating v. Johnson, we noted:

A fairly consistent theme running through most of our cases where original jurisdiction has been assumed has been that the matter must be affected with the public interest and there must be some urgency or pressing need for an early determination of the matter.

1996 OK 61, ¶10, 918 P.2d 51.

Both elements are present here. The Petitioner and Respondent acknowledge the widespread impact a decision on this matter may have. The Petitioner argues in his petition that any municipality in Oklahoma will be able to follow this strategy adopted by the City Council and Mayor. The Respondent notes in its response our decision "could significantly affect municipal finance statewide." The urgency of the matter is without question. A special election is set for December 10, 2019, just a few months away from the filing of the Petitioner's application and petition. We, hereby, assume original jurisdiction.

¶6 The purpose behind the single subject mandate is to prevent "logrolling." Logrolling is the practice of assuring the passage of a law by creating one choice in which a legislator or voter is forced to assent to an unfavorable provision to secure passage of a favorable one, or conversely, forced to vote against a favorable provision to ensure that an unfavorable provision is not enacted. Fent v. State ex rel. Oklahoma Capitol Improvement Authority, 2009 OK 15, ¶14, 214 P.3d 799. We need not analyze the germaneness of the projects listed in the Resolution of Intent because the Ordinance itself, the actual proposed law which will be put to a vote, does not list any of these projects. The Respondent asserts the Resolution of Intent merely proposes a wish list of projects the City Council hopes to accomplish with the excise tax.7 As mentioned, the Ordinance provides for the creation of a Citizens Sales Tax Advisory Board by a resolution. The duty of this Board is to make recommendations to the City Council concerning the projects assigned to it by the City Council. The Ordinance provides in paragraph (c):

(c) The City Council shall by resolution establish a Citizens Sales Tax Advisory Board. The Advisory Board's duties shall be to review and make recommendations to the City Council on Council-assigned projects proposed for funding with the sales tax levied by this section. The City Council assignment of which projects will be considered by the Advisory Board will be set forth in either the City Council resolution establishing the Board or in a later resolution or resolutions.

The Ordinance does not specify what projects will be assigned by the City Council nor does it require the Advisory Board to make a recommendation to adopt any specific project. The authority for the City Council to make the resolution(s) that will create the Advisory Board and assign projects for its review and recommendation will only come about upon the passage of the Ordinance at the special election. Such resolution(s) do not yet exist. The Petitioner's argument that the Ordinance violates the single subject rule relies upon the contents of the Resolution of Intent and not upon the contents of the Ordinance itself. The subject matter contained in the Ordinance is clearly germane to the 1% excise tax.

¶7 In considering a statute's constitutionality, a heavy burden is cast on the challenger and every presumption is to be indulged in favor of its constitutionality. Fent v. Oklahoma Capitol Imp. Authority, 1999 OK 64, ¶3, 984 P.2d 200. If there are two possible interpretations, one of which would hold the legislation unconstitutional, the construction must be applied which renders it constitutional, unless constitutional infirmity is shown beyond a reasonable doubt. Id. The Petitioner has failed to carry this heavy burden of proof necessary to find the Ordinance unconstitutional under the single subject rule found in art. 5, §57 Okla. Const. Nor has he proven the Ordinance violates the single subject rules found in 11 O.S. §14-104 and art. II, §25 of the Oklahoma City Charter. Due to the exigent circumstances of this case, the 20-day period, allowed by Okla.Sup.Ct.R. 1.13 for filing a petition for rehearing, is reduced. See OCPA Impact v. Sheehan, 2016 OK 84, ¶12, 377 P.3d 138. Any petition for rehearing must be filed by the close of business at 5:00 p.m. on October 18th, 2019.

APPLICATION TO ASSUME ORIGINAL JURISDICTION GRANTED;
PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF DENIED

¶8 Gurich, C.J., Darby, V.C.J., Kauger, Winchester, Edmondson, Colbert, Combs, and Kane, JJ., concur.

FOOTNOTES

1 The content of Ordinance 26,255 is as follows:

ORDINANCE NO. 26,255

ORDINANCE RELATING TO TAXATION; AMENDING THE
OKLAHOMA CITY SALES TAX CODE, CODIFIED AS ARTICLE II OF
CHAPTER 52 OF THE OKLAHOMA CITY MUNICIPAL CODE, 2010;
ENACTING SECTION 52-23.7 OF SAID ARTICLE II OF CHAPTER 52;
LEVYING AN EXCISE TAX OF ONE PERCENT (1%) ON THE GROSS
PROCEEDS OR GROSS RECEIPTS DERIVED FROM ALL SALES
TAXABLE UNDER THE SALES TAX LAWS OF THE STATE OF
OKLAHOMA; PROVIDING A LIMITED TERM OF EIGHT (8) YEARS
FOR SUCH EXCISE TAX, WHICH WILL COMMENCE AT 12:00 A.M. ON
APRIL 1, 2020, AND END AT 12:00 A.M. ON APRIL 1, 2028; PROVIDING
FOR A CITIZENS SALES TAX ADVISORY BOARD; PROVIDING THAT
THE EXCISE TAX LEVIED BY THIS SECTION 52-23. 7 SHALL BE
CUMULATIVE TO ALL OTHER EXCISE TAXES LEVIED BY THIS
CHAPTER; PROVIDING FOR CODIFICATION; AND PROVIDING AN
EFFECTIVE DATE FOR SECTIONS 1 AND 2 OF THIS ORDINANCE,
WITH APPROVAL OF THE ORDINANCE BY CITY VOTERS
REQUIRED.

ORDINANCE

BE IT ORDAINED BY THE COUNCIL OF THE CITY OF OKLAHOMA CITY:

SECTION 1. That Article II of Chapter 52 of the Oklahoma City Municipal Code, 2010,

is hereby amended by the enactment of a new Section 52-23.7 to read as follows:

Chapter 52. TAXATION

* * *

ARTICLE II. SALES TAX CODE

* * *

§ 52-23.7. Additional excise tax on gross receipts.

(a) An excise tax in the amount of one percent (1%) is hereby levied
upon the gross proceeds or gross receipts derived from all sales taxable under the
sales tax laws of this state, including but not limited to the specific taxable sales
and service transactions enumerated in Paragraphs (1) through (11), inclusive, of
Subsection (a) of Section 52-20 of this chapter.

(b) The excise tax levied pursuant to Subsection 52-23.7(a) above shall
be for a limited term of eight (8) years, beginning at 12:00 a.m. on April 1, 2020,
and ending at 12:00 a.m. on April l, 2028.

(c) The City Council shall by resolution establish a Citizens Sales Tax
Advisory Board. The Advisory Board's duties shall be to review and make
recommendations to the City Council on Council-assigned projects proposed for
funding with the sales tax levied by this section. The City Council assignment of
which projects will be considered by the Advisory Board will be set forth in either
the City Council resolution establishing the Board or in a later resolution or
resolutions.

(d) The limited-term excise tax levied pursuant to this Section 52-23.7
shall be cumulative to the excise tax of two percent (2%) levied by Section 52-20
of this chapter upon the gross proceeds or gross receipts derived from all sales
taxable under the sales tax laws of this state, cumulative to the excise tax of three-fourths
percent (3/4%) levied by Section 52-21 or this chapter upon the gross
proceeds or gross receipts derived from all sales taxable under the sales tax laws of
this state, cumulative to the excise tax of one-eighth percent (1/8%) levied by
Section 52-22 of this chapter upon the gross proceeds or gross receipts derived from
all sales taxable under the sales tax laws of this state, cumulative to the excise tax
of one-fourth percent (1/4%) levied by Section 52-23.6 of this chapter upon the
gross proceeds or gross receipts derived from all sales taxable under the sales tax
laws of this state, and cumulative of any other such excise tax levied by this chapter.

SECTION 2. CODIFICATION. The provisions of Section l of this Ordinance shall be

codified as Section 52-23.7 of Article II of Chapter 52 of the Oklahoma City Municipal Code,

2010.

SECTION 3. EFFECTIVE DATE OF SECTIONS l AND 2; APPROVAL BY CITY

VOTERS REQUIRED. The provisions of Sections 1 and 2 of this Ordinance shall become

effective from and after 12:00 a.m. on April 1, 2020, but only if this Ordinance is approved by a

majority vote of the qualified, registered voters of The City of Oklahoma City voting at the special

election called for that purpose by the City Council of the City, which election will be held within

the City on December 10, 2019 and will be conducted by the Oklahoma County Election Board in

the manner provided by law; provided, if this Ordinance is not so approved by City voters on

December 10, 2019, then the provisions of Sections 1 and 2 hereof shall become null and void and

of no force and effect whatever.

INTRODUCED and CONSIDERED in open meeting of the Council of The City of

Oklahoma City on the 27th day of August 2019.

PASSED by the Council of The City of Oklahoma City on the 24th day of September

2019.

SIGNED by the Mayor of The City of Oklahoma City on the 24th day of September

2019.

2 Resp. Appdx. Tab 1.

3 Resp. Appdx. Tabs 2-4.

4 City of Oklahoma City Charter Art. II, §25; Title 11 O.S. § 14-104.

5 In Chastain v. Oklahoma City, 1953 OK 166, ¶5, 258 P.2d 635, we held a city ordinance "clearly met the constitutional requirement" found in art. 5, §57, Okla. Const.

6 Resp. Appdx. Tab 5.

7 Resp. Response at 11 "the City proposes to voters a general tax levy by ordinance [a single subject measure] while stating in a Resolution of Intent its administrative wishes for accomplishing the MAPS 4 Program."

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Supreme Court Cases
 CiteNameLevel

 1953 OK 166, 258 P.2d 635, 208 Okla 604, CHASTAIN v. OKLAHOMA CITYDiscussed
 1996 OK 61, 918 P.2d 51, 67 OBJ 1680, Keating v. JohnsonDiscussed
 2007 OK 27, 163 P.3d 512, FENT v. CONTINGENCY REVIEW BOARDDiscussed
 2009 OK 15, 214 P.3d 799, FENT v. STATE ex rel. OKLAHOMA CAPITOL IMPROVEMENT AUTHORITYDiscussed
 2011 OK 84, 264 P.3d 1197, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MOTHERSHEDDiscussed
 2016 OK 84, 377 P.3d 138, OCPA IMPACT, INC. v. SHEEHANDiscussed
 1999 OK 64, 984 P.2d 200, 70 OBJ 2100, Fent v. Oklahoma Capitol Improvement AuthorityDiscussed
Title 11. Cities and Towns
 CiteNameLevel

 11 O.S. 14-104, Style of Ordinances - Title and Subject - Enacting ClauseDiscussed
Title 68. Revenue and Taxation
 CiteNameLevel

 68 O.S. 2701, Authorization to Tax for Purposes of Municipal Government - Exceptions and LimitationsCited

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA